**John Turner GARRETT,
Plaintiff-Appellant,**

v.

**CORRY FOAM PRODUCTS, INC.,
Defendant-Appellee.**

Supreme Court of Tennessee.

March 24, 1980.

Mack H. Cherry, Memphis, for plaintiff-appellant.

Harold W. McLeary, Jr., Humboldt, for defendant-appellee.

## OPINION

BROCK, Chief Justice.

The plaintiff filed this action on August 28, 1978, under the workmen's compensation laws for an alleged injury arising out of and in the course of his employment. The complaint was met with a motion for summary judgment filed by the defendant and supporting affidavit of the clerk of the court with exhibits demonstrating that plaintiff had previously brought an action in the same court against the same defendant upon the same cause of action and that said prior action had been terminated on May 9, 1978, by a consent order signed by attorneys for the parties, but not by the parties, which purported to dismiss that action "with prejudice." The plaintiff did not respond with counter affidavits and the matter was submitted to the Court upon the complaint, the motion for summary

judgment, the affidavit of the clerk of the court and exhibits consisting of the pleadings and orders in the prior action. It was the defendant's contention that the record thus submitted showed conclusively that the defense of *res judicata* had been made out and that the complaint should be dismissed. The trial court agreed with the position of the defendants and dismissed the action and the plaintiff appealed.

Because a determination of this appeal turns upon a proper construction of the dismissal order of May 9, 1978, we copy that order verbatim:

> "*CONSENT ORDER OF DISMISSAL WITH PREJUDICE*
>
> "In this action came the parties by their respective attorneys and jointly moved the Court for the entry of a Consent Order of Dismissal with Prejudice.
>
> "And for reasons satisfactory to the Court it is ordered that the Motion be and the same is hereby sustained. This action is dismissed with prejudice by consent of the parties.
>
> "Enter this 9th day of May, 1978.
>
>                "Ralph R. Lawler(s)
>                         Judge

"Approved for entry by consent:

"W. Kent Jones(s)

Attorney for Plaintiff

"Harold W. McLeary, Jr.(s)

Attorney for Defendant"

The question presented for our determination is whether the quoted order is sufficient, as a matter of law, to make out the plea of *res judicata.*

■ A party who asserts the defense of *res judicata,* or estoppel by judgment, has the burden of proving it and must show that the right in question was determined *on the merits* in the former judgment. And, if the judgment itself leaves the matter uncertain then it must be proved by other evidence. *Lindsay v. Allen*, 112 Tenn. 637, 82 S.W. 171 (1904); *Carter County v. Street*, 36 Tenn.App. 166, 252 S.W.2d 803 (1952); *Ragsdale v. Hill*, 37 Tenn.App. 671, 269 S.W.2d 911 (1954); *Long v. Kirby-Smith*, 40 Tenn.App. 446, 292 S.W.2d 216 (1956).

Under Rule 56.03, T.R.C.P., the trial judge is required to deny a motion for summary judgment unless upon the record submitted "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." We, therefore, proceed to determine the legal effect of the "consent order of dismissal with prejudice" along with the remainder of the record submitted to the trial judge and whether it is sufficient, as a matter of law, to make out the defense of *res judicata.*

The subject order, in itself, and the remainder of the court record in the case in which that order was entered demonstrate that it was not a determination of the plaintiff's right of action *on the merits,* unless the words "with prejudice" can be held to have had that effect.

The nature and effect of an order of dismissal "with prejudice" was considered at length in a scholarly opinion by Judge Felts of the Court of Appeals, later a distinguished member of this Court, in *Long v. Kirby-Smith, supra,* in which he made certain observations which are pertinent here, to wit:

> "At common law a nonsuit, a discontinuance or a *non prosequitur*, entered by the court, merely ended that particular suit but did not bar plaintiff's right to sue defendant again on the same cause of action. A *retraxit*, however, entered by the court was a bar of plaintiff's right to sue again on the same cause of action. *Lindsay v. Allen, supra,* 112 Tenn. 651, 82 S.W. 174; 3 Blackstone Commentaries, (Lewis ed.) 1900, pp. 295–296; 2 Freeman on Judgments (5th ed.) secs. 755–757.
>
> "Blackstone explains the difference between a *retraxit* and a nonsuit as follows:
>
> > 'A *retraxit* differs from a nonsuit in that the one is negative and the other positive; the nonsuit is a mere default and neglect of the plaintiff, and therefore he is allowed to begin his suit again upon payment of costs; but a *retraxit* is an open and voluntary re-

nunciation of his suit in court, and by this he forever loses his action' (3 Comm. 296).

"The exception, above mentioned, is that the rule of 'retraxit' does not prevail in this state. Said the Court in Lindsay v. Allen, supra, 112 Tenn. 654, 82 S.W. 174:

'We have no case in this state applying the rule of "retraxit," and we shall not now adopt it.'

". . . The decisive test is whether the judgment of dismissal was on the merits (2 Freeman on Judgments, 5th ed., secs. 723–725). If it was not, it is not res judicata or a bar; if it was, it is a bar, and the court has no power to say it shall be 'without prejudice' to sue again. Dodd & Son v. Nashville C. & St. L. Railway Co., 120 Tenn. 440, 446, 110 S.W. 588, 590." 292 S.W.2d at 221.

The Court in Long v. Kirby-Smith, supra, went on to hold that an order of dismissal "with prejudice" should be treated as a mere nonsuit and the words "with full prejudice" disregarded as surplusage, since the court did not have power to enter an order of retraxit.

This holding of the Court of Appeals in Long v. Kirby-Smith, supra, has been recently reaffirmed by this Court in Patrick v. Dickson, Tenn., 526 S.W.2d 449, 452 (1975), in which we held that an order of a juvenile court purporting to dismiss an action "with prejudice" was not effective to prevent the filing of a second suit on the same cause of action. Mr. Justice Henry, speaking for the Court, stated flatly:

"The rule of retraxit does not prevail in Tennessee."

And further:

"We hold that the first order of the juvenile court, dismissing for failure to prosecute, was not 'on the merits' and that the words 'with prejudice' were a nullity. We further hold that the action of the juvenile court in dismissing the second paternity action was erroneous." 526 S.W.2d at 453.

Rule 41 of the Tennessee Rules of Civil Procedure governs both voluntary and involuntary dismissals of actions and nothing in either the text of that rule or in the committee comments thereto changes the law hereinabove discussed, i. e., that retraxits are not recognized in Tennessee.

■ We, therefore, conclude that the words "with prejudice" contained in the order here in issue should be treated as surplusage and that the order of dismissal entered May 9, 1978, served only to operate as a voluntary dismissal of that action and does not constitute a judgment on the merits. Accordingly, that order does not make out the defense of res judicata and, so, does not support the judgment of the trial court sustaining the defendant's motion for summary judgment. See 27 C.J.S. Dismissal and Nonsuit § 5 (1959).

■ There is an additional reason why the dismissal order here in issue was insufficient on its face to constitute a retraxit or judgment on the merits, if such an order were recognized in this State, and that is that the order was not signed by the plaintiff but only by his attorney who had no implied authority to release or surrender the plaintiff's right of action. "Attorneys have no power to surrender substantial rights of their clients without express authority. 3 Am. & Eng. Enc. of Law (2nd Ed.) 357; Holms v. Johnston, 12 Heisk. [155] 158." (Emphasis added.) Davis v. Home Ins. Co., 127 Tenn. 330, 337, 155 S.W. 131, 133, 44 L.R.A.,N.S., 626 (1913); 7 Am. Jur.2d Attorneys at Law § 125 (1963); 7A C.J.S. Attorney and Client § 198 (1980).

Again, we quote from the opinion of Judge Felts in Long v. Kirby-Smith, supra, in which the court was dealing with an order of dismissal "with full prejudice," as follows:

"An attorney, merely by virtue of his employment as such, has no implied authority to release a claim or cause of action, or otherwise give up the rights of his client. While he has implied authority to agree to a dismissal or nonsuit, which does not bar the right to sue again, he has no such authority to agree to the entry of a retraxit or an equity dismissal 'with prejudice,' which would bar the

right to sue again. 5 Am.Jur., Attorneys at Law, secs. 96, 97; Annotation, 30 A.L. R.2d 994, 995.

"These orders, if allowed to operate as contended by defendant, would amount to a surrender, a release, and an extinguishment of the right of plaintiffs to sue again on this cause of action. As before stated, there is no evidence that plaintiffs, or either of them, either signed these orders, or authorized their counsel to approve them for entry. In the absence of such evidence, no verdict can be directed for defendant on such orders." 292 S.W.2d at 222.

 Finally, because this is a proceeding for benefits under the workmen's compensation laws, the order of dismissal "with prejudice" relied upon by the defendant to make out the defense of *res judicata* is insufficient for that purpose for the additional reason that it does not comply with T.C.A., § 50–1006, which requires that in order for a settlement of an employee's rights under the workmen's compensation laws to be effective it must first be reduced to writing and approved by the trial court only if "such settlement is found by the court to be for the best interest of the employee." The instant order contains no such finding and for this reason, too, is invalid as a judgment on the merits of the plaintiff's rights under the Workmen's Compensation Act.

The judgment of the trial court sustaining the motion for summary judgment filed by the defendant and dismissing the complaint is reversed and this cause is remanded to that court for appropriate further proceedings. Costs incurred upon this appeal are taxed against the defendant.

FONES, COOPER, HENRY and HARBISON, JJ., concur.