IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 1, 2003 Session

**In the Matter of the Estate of Nola Layne Deskins, NONA DESKINS SANDERS, LIOUBOV V. DESKINS and ESTATE OF THOMAS A. DESKINS, v. RANDALL DESKINS and THELMA DESKINS**

**Direct Appeal from the Probate Court for Sevier County**
**No. P-99-04-973     Hon. Jeff D. Rader, Judge**

**FILED SEPTEMBER 4, 2003**

**No. E2003-00427-COA-R3-CV**

---

In this Estate dispute, the Trial Court dismissed claims of two claimants. We affirm, dismissal of claimant who died on grounds his Estate had no standing to proceed. We reinstate the action of the other claimant on grounds she is not estopped to maintain her action.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Reversed in Part.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Ronald T. Hill, Knoxville, Tennessee, for Appellants.

C. Dan Scott, Sevierville, Tennessee, for Appellees.

**OPINION**

This is an appeal from the dismissal of claims filed by two of the beneficiaries under the Will of Nola Layne Deskins. The Will was admitted to probate with Randall Deskins being named as Executor. She left her property to her three children, Randall, Nona and Tom in equal shares per capita. The Will further provided that Tom's share of the estate was to be held in trust by Randall and that if Tom died before the trust corpus was exhausted, the remainder would pass to the other named siblings.

A Petition for Accounting was filed by Nona, who asserted that Randall misused his power as the Testatrix's Attorney in Fact, and had improperly depleted her assets before her death. Thomas also objected to the Final Settlement of the Estate and filed a Petition for Accounting containing the same allegations.

An Order of Dismissal was entered dismissing Nona's action with prejudice pursuant to Tenn. R. Civ. P. 41. Nona and Thomas then filed Exceptions and Objections to the Executor's Petition for Final Settlement of Account, and a Complaint was then filed in Chancery Court, alleging a breach of fiduciary duty by Randall for transactions while he was acting as decedent's attorney-in-fact before her death. The Chancery action was then transferred to the Probate Court, where Randall filed a Suggestion of Death, stating that Thomas had died on March 21, 2002. The accompanying Motions asserted that since Thomas had died, the will provided that the balance in his Trust would go to the remaining beneficiaries and there remained no basis to maintain the action in Probate Court. Randall further asserted that Nona's claim should be dismissed due to the fact that she voluntarily dismissed her Petition for Accounting with prejudice.

In response, the Court entered an Order on November 14, 2002, and found that Thomas' claims were now moot, since the Will provided that upon his death his assets held in trust would be distributed to the remaining beneficiaries. The Court reasoned that any recovery would only benefit the decedent's Estate, since Thomas was now deceased. The Court further found that Nona's claim should be dismissed because she was estopped by her earlier voluntary dismissal of her Petition for an accounting. These appeals followed the Court's action.

These appeals arise from the Court's granting of a Motion to Dismiss. Thus, we must take all factual allegations in the Complaints as true, and must review the Court's legal conclusions *de novo*. *White v. Revco*, 33 S.W.3d 713 (Tenn. 2000).

The will provides that Thomas' share of his mother's estate is to be held in trust for him by his brother Randall, and that he will have quarterly distributions of the income, plus other distributions as Randall sees fit, and Thomas was given no right to demand any distributions. The Will further provides that if Tom fails to survive until the entire trust corpus is disbursed, then there will be a "gift over of his share . . . to his then living brother and sister, in equal shares . . . as if Tom had predeceased me". Based upon these provisions, since Tom did not survive until the entire trust corpus was disbursed, then any remaining portion of his share would be split between Randall and Nona.

As the Trial Court correctly found, any claim filed by Thomas would only benefit his mother's estate, since the claims were not personal, but derivative based upon Tom's status as a beneficiary. Our Supreme Court has cited, Black's Law Dictionary 443 (6th ed.1990) defining "derivative" as a thing which "owes its existence to something foregoing." *Hunley v. Silver Furniture Mfg. Co.*, 38 S.W.3d 555, 557 (Tenn. 2001). In this case, Tom's standing to file suit against Randall was based solely on the fact that he is a beneficiary under his mother's will. His claims were for conversion, fraud, and breach of fiduciary duty, which claims concerned Randall's

actions regarding his mother's assets, and any loss that Tom suffered would be only as a beneficiary of his mother's estate. Once he died, however, his estate could receive nothing from his mother's estate, based upon the terms of the Will. For these reasons, the Trial Court correctly dismissed Tom's estate from this case.

The Trial Court also dismissed Nona's claims, on the grounds that she was estopped from making further claims. The Order relied upon by the Court simply states that Nona has dismissed her petition (for accounting) with prejudice pursuant to Tenn. R. Civ. P. 41.01. The record does not support the Trial Court's action. The Court basically found that Nona was estopped because she had dismissed her Petition for Accounting. Our courts have recognized, however, the collateral estoppel only applies if the prior judgment "concludes the rights of the parties on the merits." *Roy v. Diamond*, 16 S.W.3d 783, 787 (Tenn. Ct. App. 1999). A party defending on the basis of collateral estoppel must show that the "judgment in the prior case was final and concluded the rights of the party against whom the defense is asserted" and that "both cases involve the same parties, the same cause of action, or identical issues." *Id.* Nona's voluntary dismissal of the Petition for Accounting was clearly not an adjudication on the merits of her claim, but does state that it was "with prejudice."

In an action dealing with a similar issue, the Supreme Court discussed whether an order which clearly did not deal with the merits of the case could still have an estoppel effect because it said that it was "with prejudice." *See Garrett v. Corry Foam Products, Inc.*, 596 S.W.2d 808 (Tenn. 1980). In that case, the parties filed a "Consent Order of Dismissal with Prejudice" which was signed by the attorneys and the judge, and stated that it was by the consent of the parties. *Id.* The Court discussed that a nonsuit did not generally bar a plaintiff from refiling on the same cause of action, and that orders of dismissal "with prejudice" should be treated as a regular nonsuit, with the "prejudice" language treated as surplusage. *Id.* Thus, the Court concluded that the consent order dismissing the lawsuit "with prejudice" was simply a voluntary dismissal, and would not be considered an adjudication on the merits for estoppel purposes. *Id.*

The Court said that an additional reason for treating the order as such was because it was only signed by the attorneys and not by the parties. *Id.* The Court found that an attorney cannot surrender the client's substantive rights without express authority. *Id.* The same is true in this case, as Nona alleges in her affidavit that she never gave her attorney the authority to dismiss her action.

We reverse the Trial Judge's dismissal of Nona's claim. Nona filed a Complaint in Chancery Court which was transferred to probate court for hearing, but that Complaint was never dismissed. The dismissal of Nona's Petition for Accounting was not a judgment that was "final and concluded the rights of the party against whom the defense is asserted". *Roy*, at 787.

However, Randall argues that *In re Barnhill*, 62 S.W.3d 139 (Tenn. 2001) controls. In *Barnhill,* the Supreme Court held that a second will contest could not be instituted after taking a voluntary dismissal of the first. This claim is not a will contest, and in fact, deals with transactions

made by Randall before the mother's death. No issue was raised regarding the will whatsoever. Moreover, the Complaint was already pending in Chancery Court and was merely transferred to the probate court to be heard in that action. Thus, there was no dismissal and refiling. Randall's reliance on *Barnhill* is misplaced.

We affirm the Trial Judge's dismissal of the claim filed by Thomas' estate, but reverse the Trial Court in dismissing Nona's claims, and the case is remanded for a hearing on the issues raised in her Complaint.

The cost of the appeal is assessed one-half to the Estate and one-half to Thomas' Estate.

_____
HERSCHEL PICKENS FRANKS, J.