IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 21, 2009 Session

## JOANN ABSHURE, ET AL. v. JEREMIAH UPSHAW, M.D., ET AL.

Direct Appeal from the Circuit Court for Shelby County
No. CT-004109-03     John R. McCarroll, Jr., Judge

No. W2008-01486-COA-R3-CV - Filed March 17, 2009

This is a medical malpractice action filed against individual Defendants/Physicians and Defendant Hospital. Following Plaintiffs' second Tennessee Rule of Civil Procedure 41.01 voluntary dismissal of individual Defendants, Defendant Hospital moved for summary judgment. The trial court awarded Hospital summary judgment upon concluding that the evidence demonstrated negligence on part of one Defendant/Physician only, and Plaintiffs had failed to assert a claim of vicarious liability against Hospital for the alleged negligence of its agent, Defendant/Physician prior to twice dismissing Physician. The trial court determined Plaintiffs' cause of action had been extinguished where the statute of repose applicable to claim against Physician had expired, and that Plaintiffs had conferred on Physician an affirmative right not to be sued again. Plaintiffs appeal. We reverse in part, affirm in part, and affirm the award of summary judgment to Defendant Hospital.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part;
Reversed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Kenneth Raymond Besser and Al H. Thomas, Memphis, Tennessee, for the Appellants, Joann Abshure and Billy Jack Abshure.

William Lynn Bomar, Memphis, Tennessee, for the Appellee, Methodist Healthcare Memphis Hospitals.

## OPINION

This is a medical malpractice action arising from the treatment of Plaintiff Joann Abshure (Ms. Abshure) in May 2001. The facts relevant to our analysis of the issues raised on appeal are undisputed. On May 2, Defendant Jeremiah Upshaw, M.D. (Dr. Upshaw) performed a colonoscopy on Ms. Abshure. On May 6, 2001, Ms. Abshure went to the emergency room of Defendant Methodist Healthcare - Memphis Hospitals ("Methodist") complaining of abdominal pain. She was

treated at Methodist by emergency room physician Defendant Luther Ogle, III, M.D. (Dr. Ogle). Dr. Ogle is directly employed by T.M. Carr, M.D., P.C., which contracts with Methodist to cover its emergency room.

Dr. Ogle ordered a CT scan of Ms. Abshure's abdomen and pelvis. He also ordered three enemas to be given to Ms. Abshure to relieve the pain. Dr. Ogle apparently ordered the enemas before reviewing the CT scan. The CT scan revealed several conditions, and Ms. Abshure underwent emergency surgery. During the surgery, Dr. Clay Jones discovered a perforated colon with fecal contamination of the peritoneum with secondary peritonitis. He performed a colostomy and Ms. Abshure was taken to the ICU. She developed respiratory distress and sepsis syndrome in the ICU. She underwent surgery to close the abdominal wound on May 30, 2001, and was discharged from Methodist on May 31. She continues to have a colostomy.

On July 18, 2002, Ms. Abshure and her husband, Billy Jack Abshure (collectively, "the Abshures") filed an action against Methodist, Dr. Upshaw, and Dr. Ogle in general sessions court. Defendants were properly served. The Abshures voluntarily nonsuited their action pursuant to Tennessee Rule of Civil Procedure 41.01 ("Rule 41.01") in August 2002. On June 23, 2003, within the one-year period provided by the savings statute, the Abshures recommenced their medical malpractice action in the Shelby County Circuit Court. Defendants answered and denied claims of negligence.

In December 2003, Dr. Upshaw moved for summary judgment. In his expert affidavit, statement of undisputed facts, and memorandum of law, Dr. Upshaw asserted he had performed the colonoscopy within the recognized standard of care and that there had been no apparent complications. He asserted that the Abshures had failed to submit any evidence to demonstrate a disputed issue of material fact despite having an ample opportunity to do so, and that he was entitled to a judgment as a matter of law. Dr. Ogle moved for summary judgment in September 2004. In his expert affidavit, statement of undisputed facts and memorandum of law, Dr. Ogle asserted he had treated Ms. Abshure within the recognized standard of care and was entitled to summary judgment as a matter of law.

In June 2005, the Abshures filed the expert affidavit of Kandarp K. Shaw, M.D. (Dr. Shaw). In his affidavit, Dr. Shaw asserted that, after reviewing the medical records, in his opinion the emergency room "staff of Methodist Hospital acted with less than or failed to act within acceptable standards of care." He opined that, "based upon a reasonable degree of medical certainty, that as a proximate result of Methodist Hospital ER staffs' acts or omissions, Ms. JoAnn Abshure suffered injuries that would not otherwise have occurred." Dr. Shaw stated,

> [m]ore specifically, it is my opinion that the Methodist Hospital ER staffs' improper administration of enemas to a post-colonoscopy patient with possible perforation more likely than not contributed to the spread of feces from the colon into the peritoneal cavity, which caused Ms. Abshure to have more severe complications of perforation after colonoscopy than she would have, if enemas were not given.

Although the Abshures' motion is not included in the record transmitted to this Court, on July 8, 2005, the trial court granted their motion to voluntarily dismiss Dr. Upshaw and Dr. Ogle, for the second time. In the meantime, on May 6, 2004, the statute of repose applicable to Dr. Ogle expired.

In October 2007 and March 2008, the Abshures filed the expert affidavits of Frank C. Westmeyer, M.D. (Dr. Westmeyer). In his October 2007 affidavit, Dr. Westmeyer stated that, after reviewing Ms. Abshure's medical records, it was his opinion that Dr. Ogle had not acted within the acceptable standard of care. He stated that Dr. Ogle had deviated from the standard of care when he ordered that enemas be administered to Ms. Abshure before knowing the results of the CT scan where Dr. Ogle knew Ms. Abshure had recently undergone a colonoscopy. He opined that Dr. Ogle's acts proximately caused injuries to Ms. Abshure that would not have occurred otherwise. In his March 2008 affidavit, Dr. Westmeyer stated that, in his opinion, the ER staff of Methodist Hospital failed to act within the acceptable standard of care. He stated that the ER staff should have realized Ms. Abshure was a post-colonoscopy patient with suspected perforation who could have colonic perforation, and that the improper administration of enemas more likely than not contributed to the severe complications experienced by Ms. Abshure.

Methodist took Dr. Westmeyer's deposition in June 2008. In his deposition, Dr. Westmeyer stated that the only ER staff member who, in his opinion, had failed to act within the standard of care was Dr. Ogle. When asked, "[a]nd those are the only opinions of negligence about any of the health care providers in this case that you have in this case that you're going to give is that Dr. Ogle was negligent; correct?" Dr. Westmeyer replied, "[t]hat is correct."

Methodist filed a motion to dismiss/motion for summary judgment in May 2008. In its statement of undisputed facts and memorandum of law, Methodist asserted two alternate and independent reasons for dismissal. First, Methodist asserted that, because the Abshures' claim against it was based solely on vicarious liability, and because the Abshures had nonsuited their claim against Dr. Ogle in July 2005 and could not sue him again, and because the statute of repose had run with respect to Dr. Ogle, extinguishing both the Abshures' remedy and right of action, Methodist could not be held vicariously liable for the alleged negligence of Dr. Ogle. Methodist further asserted that vicarious liability under an apparent agency theory had been eliminated by the Abshures' execution of "certain documents."

Methodist filed two supplemental memoranda in June 2008. In its first supplemental memorandum, Methodist noted that the Abshures' nonsuit of Dr. Ogle in circuit court was the second nonsuit and asserted that the Abshures did not allege that Dr. Ogle was an employee or agent of Methodist in their complaint. Methodist asserted this allegation was "recently deduced" from Dr. Westmeyer's deposition. Methodist withdrew its assertion that Dr. Ogle could not be considered an agent of Methodist under its General Conditions of Admission documents in light of the supreme court's decisions in *Boren v. Weeks*, 251 S.W.3d 426 (Tenn. 2008) and *Dewald v. Hospital Corporation of America*, 251 S.W.3d 423 (Tenn. 2008) in May 2008. Methodist asserted, however, that under this Court's opinions in *Rankhorn v. Sealtest Foods*, 479 S.W.2d 649 (Tenn. Ct. App. 1971) and *Huber v. Marlow*, No. E2007-01879-COA-R9-CV, 2008 WL 2199827 (Tenn. Ct. App.

May 28, 2008), the passing of the statute of repose applicable to Dr. Ogle extinguished any vicarious liability of Methodist for the alleged negligence of Dr. Ogle. Methodist asserted that, where Dr. Ogle had been nonsuited and the savings statute, statute of limitations, and statute of repose had run, extinguishing the Abshures' right of action against Dr. Ogle, Methodist could not be held vicariously liable for the negligence of Dr. Ogle. Methodist further argued that the Abshures extinguished Dr. Ogle's liability by nonsuiting Dr. Ogle in spite of Dr. Shah's affidavit and Dr. Ogle's motion for summary judgment.

In its second supplemental memorandum, Methodist asserted that the Abshures' second nonsuit of Dr. Ogle in effect operated as a dismissal with prejudice where it was the second voluntary nonsuit of Dr. Ogle and where the savings statute, statute of limitations, and statute of repose had run. Methodist asserted that it could not be held to be vicariously liable for Dr. Ogle's acts where the Abshures' right of action against Dr. Ogle had been extinguished and where the Abshures had conferred a substantive right on Dr. Ogle by nonsuiting him a second time after the running of the statute of limitations, statute of repose, and/or savings statute.

The Abshures filed a memorandum in opposition to summary judgment and the matter was heard by the trial court on June 19, 2008. On July 2, 2008, the trial court entered final judgment awarding summary judgment to Methodist.

In its July 2 order, the trial court found that, upon the second nonsuit of Dr. Ogle in July 2005, any claims against him "were effectively dismissed with prejudice and barred as no case could be refiled against Dr. Ogle." The trial court further found that the Abshures failed to allege vicarious liability against Methodist for the acts or omissions of Dr. Ogle in their complaint "in a manner sufficient to permit a reasonable inference that Methodist was on notice of such a claim within the [time frame] of the running of the statute of repose," and that Methodist was not put on notice of the vicarious liability claim until it took Dr. Westmeyer's deposition in April 2008. The court concluded that, as a matter of law, Methodist could not be held vicariously liable where the claims against Dr. Ogle were barred by the statute of repose.

The trial court alternatively and independently determined that the Abshures' claim against Dr. Ogle was effectively dismissed with prejudice when the Abshures nonsuited their claim for the second time. The court concluded that the second nonsuit

> had the effect of extinguishing any claim or cause of action against Dr. Ogle (exonerating him) and/or conferred upon Dr. Ogle an affirmative, substantive right that precluded assessment of liability against him (i.e., the vested substantive right not to be sued and rely upon the running of the statute of limitations and/or repose).

The trial court stated, "[t]his also extinguishes and bars any vicarious liability on the part of Methodist for the alleged acts or omissions of Dr. Ogle." The Abshures filed a timely notice of appeal to this Court.

## Issues Presented

The Abshures present the following issues for our review:

1.      Whether the trial court erred in finding that, during the pendency of a medical malpractice lawsuit against both a medical provider agent and his hospital principal, plaintiffs taking a second non-suit of claims against the doctor agent, extinguished the cause of action against the doctor agent such that the plaintiffs could also no longer continue their case for vicarious liability against the hospital principal?

2.      Whether the trial court erred in finding that a plaintiffs Complaint for medical malpractice failed to allege vicarious liability against the hospital principal for the alleged acts or omissions of the medical provider agent in a manner sufficient [to] overcome a motion for summary judgment?

3.      Whether the trial court erred in finding that, during the pendency of a lawsuit originally filed against both a principal hospital and its medical provider agent and subsequently dismissed twice as to the agent, the lapsing of the statute of repose as to the agent prevented the plaintiffs from continuing their lawsuit against the principal hospital?

4.      Whether the trial court erred in finding that, during the pendency of a lawsuit originally filed against both a principal hospital and its medical provider agent and subsequently dismissed twice as to the agent, Plaintiffs taking the second non-suit as to the agent conferred upon the agent an affirmative, substantive right that barred any vicarious liability on the part of the agent's principal hospital for the alleged acts or omissions of the agent?

The issues as we perceive and reword them are:

(1)      Whether the trial court erred in determining that the Abshures failed to assert a claim of vicarious liability against Methodist in their complaint.

(2)      Whether the expiration of the statute of repose applicable to Dr. Ogle extinguished the Abshures' claim against Methodist by operation of law.

(3)      Whether the Abshures conferred an affirmative, substantive right upon Dr. Ogle when they voluntarily dismissed him pursuant to Rule 41.01 for the second time and beyond the one-year period provided by the savings statute, thereby extinguishing their vicarious liability claim against Methodist.

(4)     Whether the Abshures' second Rule 41.01 voluntary dismissal of Dr. Ogle, filed beyond the one year period for refiling permitted by the savings statute, effectively operated as a dismissal with prejudice, thereby extinguishing and/or barring the Abshures' vicarious liability claim against Methodist.

### *Standard of Review*

Our review of a trial court's award of summary judgment is well-settled and recently has been clarified more definitively by the supreme court. We review the trial court's judgment award of summary judgment *de novo* with no presumption of correctness, reviewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Martin v. Norfolk Southern Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008)(citations omitted).

Summary judgment is appropriate only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* at 83 (quoting Tenn. R. Civ. P. 56.04). The burden of persuasion is on the moving party to demonstrate, by a properly supported motion, that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* (citations omitted).

After the moving party has made a properly supported motion, the nonmoving party must establish that genuine issues of material fact exist. *Id.* (citations omitted). To satisfy its burden, the nonmoving party may: (1) point to evidence of over-looked or disregarded material factual disputes; (2) rehabilitate evidence discredited by the moving party; (3) produce additional evidence that establishes the existence of a genuine issue for trial; or (4) submit an affidavit asserting the need for additional discovery pursuant to Rule 56.06 of the Tennessee Rules of Civil Procedure. *Id.* (citations omitted). The court must accept the nonmoving party's evidence as true, resolving any doubts regarding the existence of a genuine issue of material fact in that party's favor. *Id.* (citations omitted). A disputed fact that must be decided to resolve a substantive claim or defense is material, and it presents a genuine issue if it reasonably could be resolved in favor of either one party or the other. *Id.* (citations omitted). With this standard in mind, we turn to the issues raised on appeal.

### *Analysis*

In its brief to this Court, the Abshures assert that the trial court erred by determining that their complaint did not state a cause of action against Methodist under a theory of vicarious liability; that their cause of action against Methodist was not extinguished by operation of law by the expiration of the three-year statute of repose applicable to medical malpractice actions; and that their second voluntary nonsuit of Dr. Ogle did not extinguish their claim against Methodist by operation of law or by conferring upon Dr. Ogle an affirmative substantive right that would preclude an assessment of liability against him. Methodist's assertions are the polar opposite. It contends it had no notice that the Abshures were pursuing a claim against it on the basis of vicarious liability until it took Dr. Westmeyer's deposition in 2008. Methodist further asserts that the Abshures' Rule 41.01 voluntary

nonsuit of Dr. Ogle extinguished their vicarious liability claim by operation of law where the statute of repose applicable to medical malpractice actions had expired. Finally, Methodist asserts that the Abshures' claim was extinguished by operation of law when the Abshures voluntarily dismissed Dr. Ogle for the second time beyond the one-year period provided by the savings statute, and/or that the second nonsuit conferred upon Dr. Ogle an affirmative, substantive right precluding an assessment of liability against him. We address these arguments in turn.

### Sufficiency of the Complaint

We first turn to whether the trial court erred in determining the Abshures had failed to assert a claim of vicarious liability against Methodist in their complaint. In their June 2003 complaint, the Abshures named as Defendants "Jeremiah Upshaw, M.D., Luther C. Ogle III, M.D., Methodist Healthcare Memphis Hospital." They asserted injury as the result of negligence on the part of Dr. Upshaw in paragraph 18 of the complaint, and injury as the result of negligence on the part of Dr. Ogle in paragraph 19. Paragraph 20 stated,

> Defendant Methodist Healthcare Memphis Hospital was negligent in not seeing that proper care was furnished to Plaintiff Abshure, and further Methodist Healthcare Memphis Hospitals' agents and/or employees were negligent in the medical care and attention rendered to Plaintiff and did not exercise the degree of care, skill, and diligence used by medical facilities and their staff generally and under the circumstances which presented themselves, including but not limited to the choice of medical techniques employed by Methodist Healthcare Memphis Hospitals in caring for Plaintiff.

As the Abshures note, a plaintiff is not required to name in his complaint the agents or employees of the entity against which it asserts a claim of vicarious liability for the negligence of those agents or employees. *Knight v. Hosp. Corp. of Am.*, No. 01A01-9509-CV-00408, 1997 WL 5161, at *3 (Tenn. Ct. App. Jan. 8, 1997). Additionally, the failure to use the term "vicarious liability" is not fatal in the face of a motion for summary judgment where the claim has been presented or framed within the context of the materials submitted by the parties. *Id.* at *4. The primary purpose of the pleadings is to give notice of the claims asserted. *Keisling v. Keisling*, 92 S.W.3d 374, 377 (Tenn. 2002).

As noted, the Abshures named Dr. Ogle, Methodist's agent, in their complaint. Additionally, in its October 2003 answer, Methodist recited, as its sixth affirmative defense, "[t]his defendant affirmatively denies any liability, vicarious or otherwise, for the acts or omissions of any co-defendants or any of their agents, servants or employees." In light of its answer, we find Methodist's contention that it had no notice that the Abshures were asserting a claim of vicarious liability until it took Dr. Westmeyer's deposition to be somewhat disingenuous. We reverse the order of the trial court insofar as it concluded the Abshures had failed to assert a claim of vicarious liability in their complaint.

## *Expiration of the Statute of Repose*

In its brief to this Court, Methodist cites *Rankhorn v. Sealtest Foods*, 479 S.W.2d 659 (Tenn. Ct. App. 1971) and *Huber v. Marlow*, E.2007-01879-COA-R9-CV, 2008 WL 2199827 (Tenn. Ct. App. May 28, 2008), for the proposition that the Abshures' claim under a theory of vicarious liability is barred by operation of law in accordance with *Johnson v. LeBonheur Children's Medical Center*, 74 S.W.3d 338 (Tenn. 2002), because the statute of repose applicable to Dr. Ogle has expired.[1] Had the Abshures failed to assert a claim against Methodist under a theory of vicarious liability, we would agree that, under *Rankhorn* and *Huber*, they would be unable to amend their complaint to assert such a claim after the statute of repose applicable to Dr. Ogle had expired. In light of our construction of the Abshures' complaint and Methodist's answer, however, whether the Abshures may amend their complaint is moot. Additionally, the running of the statute of repose during the pendency of this lawsuit is without effect.

As Methodist asserts, the running of the three year statute of repose applicable to medical malpractice actions set forth in Tennessee Code Annotated § 28-3-104 is substantive and extinguishes both the plaintiff's right and remedy with respect to the filing of an initial cause of action. Methodist's reliance on *Rankhorn* for the proposition that the running of the statute of repose operates to extinguish a plaintiff's right and remedy following a voluntary nonsuit, however, is misplaced. Subsequent to our holding in *Rankhorn*, the supreme court held that a plaintiff who timely files his action within the statutes of limitations and repose and voluntarily nonsuits his action may rely on the savings statute and re-file his action within one year despite the expiration of the statute of repose. *Cronin v. Howe*, 906 S.W.2d 910, 914-915 (Tenn. 1995). Thus, where an initial claim is timely filed, the expiration of the statute of repose will not extinguish a claim for vicarious liability by operation of law where the plaintiff voluntarily nonsuits his action in accordance with Tennessee Rules of Civil Procedure 41.01 and the savings statute.

## *The Second Rule 41.01 Dismissal*

---

[1] Tennessee Code Annotated § 29-26-116 (2000) provides, in pertinent part:

(a)(1) The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28-3-104.
(2) In the event the alleged injury is not discovered within such one (1) year period, the period of limitation shall be one (1) year from the date of such discovery.
(3) In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

The determinative issue presented by this appeal is the substantive effect of the Abshures' second Rule 41.01 voluntary dismissal,[2] which was taken well beyond the one-year savings period provided by the savings statute as codified at Tennessee Code Annotated § 28-1-105[3] and while Dr. Ogle's motion for summary judgment was pending before the trial court. The trial court's July 2005 order dismissing the Abshures' claims against Dr. Upshaw and Dr. Ogle pursuant to Rule 41.01 does not state whether the dismissal was with or without prejudice. In its order granting Methodist's motion for summary judgment, however, the trial court determined that the second nonsuit effectively resulted in a dismissal with prejudice where the savings statute had expired and the Abshures could not refile their action against Dr. Ogle. The trial court also determined that the second dismissal served to exonerate Dr. Ogle and/or confer a substantive right upon Dr. Ogle that precluded the assessment of liability against him.

---

[2] Tennessee Rule of Civil Procedure 41.01 provides:

(1) Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of plaintiff's motion to dismiss, the defendant may elect to proceed on such counterclaim in the capacity of a plaintiff.

(2) Notwithstanding the provisions of the preceding paragraph, a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim.

(3) A voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk. The date of entry of the order will govern the running of pertinent time periods.

[3] Tennessee Code Annotated § 28-1-105 (2000) provides:

(a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. Actions originally commenced in general sessions court and subsequently recommenced pursuant to this section in circuit or chancery court shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court.

(b) In the case of a contract which limits the time within which an action arising out of such contract must be brought, if such action is commenced within the time as limited by the contract but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives or successors, as the case may be, may, from time to time, commence a new action within one (1) year after the nonsuit, dismissal without prejudice, reversal or arrest.

On appeal, the Abshures assert that to hold that the

> procedural effect of the Abshures' decision to allow a second non-suit as to the agent, Dr. Ogle, . . . operate[s] to substantively extinguish the right to a cause of action against him such that Methodist as his principal [w]ould also be allowed to get out 'scot-free' from the pending litigation alleging Methodist is vicariously liable . . . [would] undo at least a century of case law that in cases of respondeat superior, a plaintiff may sue either or both the agent and his principal.

The Abshures further cite *Rankhorn* for the proposition that the taking of a voluntary nonsuit "just makes it seem as though a nonsuited defendant had never been sued."

The supreme court definitively established the three instances in which a principal may not be held vicariously liable for the acts of its agent in *Johnson v. LeBonheur Children's Medical Center*, 74 S.W.3d 338 (Tenn. 2002). The *Johnson* court defined these instances as:

> (1) when the agent has been exonerated by an adjudication of non-liability, (2) when the right of action against the agent is extinguished by operation of law, or (3) when the injured party extinguishes the agent's liability by conferring an affirmative, substantive right upon the agent that precludes assessment of liability against the agent.

*Johnson*, 74 S.W.3d at 345 (citing *see Rankhorn v. Sealtest Foods*, 63 Tenn. App. 714, 721, 479 S.W.2d 649, 652 (1971)). Although there has been no exoneration by an adjudication of non-liability in the present case, we agree with Methodist that the Abshures' right of action against Dr. Ogle has been extinguished by operation of law and that the Abshures have conferred upon Dr. Ogle an affirmative substantive right that precludes an assessment of liability against him.

We acknowledge that, as the Abshures assert, in *Rankhorn* we stated that the plaintiff's voluntary nonsuit of the principal/defendant's agent did not extinguish plaintiffs cause of action against the principal under the doctrine of respondeat superior. *See Rankhorn*, 479 S.W.2d at 652. We further stated that, under the circumstances present in *Rankhorn*, the plaintiff's voluntary dismissal of the agent did not confer any affirmative substantive right on the agent that would prevent recovery against him. *Id.* Rather, the nonsuit "produced the same effect as if the employee had never been sued." *Id.* The case now before us, however, differs circumstantially.

Although Rule 41.01 permits two voluntary nonsuits before a voluntary dismissal is considered an adjudication on the merits, it is well-settled that Rule 41.01 is subject to the time limitations contained in the savings statute. *Payne v. Matthews*, 633 S.W.2d 494, 496 (Tenn. Ct. App. 1982). Thus, despite the provision in Rule 41.01 that a plaintiff might twice voluntarily dismiss an action without prejudice, the savings statute limits the plaintiff's right to refile his action to one year following the date of entry of the first order of voluntary dismissal. *Id.* The *Payne* court

held that although Rule 41.01 provides a "right" to two voluntary nonsuits, "this right is subject to the provisions" of the savings statute. *Id.* Accordingly, the expiration of the one year provided by the savings statute extinguishes both the remedy and the right of action where an action is voluntarily nonsuited and is not refiled within one year of the date of the original nonsuit. *See id.*

In the case now before us, the Abshures undisputedly moved for a second voluntary nonsuit well beyond one year following the date of entry of the order granting their first nonsuit of Dr. Ogle. The general sessions court entered its order on the original voluntary nonsuit in August 2002, and the Abshures moved to voluntarily nonsuit Dr. Ogle for the second time in June 2005. Therefore, regardless of whether the second nonsuit is properly considered a "dismissal with prejudice," by operation of the savings statute, the Abshures' right of action against Dr. Ogle, Methodist's agent, was extinguished in July 2005 upon entry of the order granting their second Rule 41.01 voluntary dismissal.

Likewise, the Abshures' second nonsuit of Dr. Ogle nearly three years after the general sessions court's order granting the first Rule 41.01 voluntary dismissal extinguished Dr. Ogle's liability by conferring upon him an affirmative, substantive right that precludes an assessment of liability against him in accordance with the third category recited in *Johnson v. LeBonheur*. Although the Abshures' voluntary dismissal of Dr. Ogle does not preclude a finding of negligence, the Abshures voluntary dismissal in this case operated as a complete bar to any further action against Dr. Ogle where it was taken beyond the period provided by the savings statute for the refiling of an action. The voluntary dismissal in this case is the substantive equivalent of a covenant not to sue. It operated to relieve Dr. Ogle from any assessment of liability against him. Like a covenant not to sue, therefore, the second voluntary dismissal in this case gives rise to the third instance wherein a principal may not be held vicariously liable based upon the acts of its agent recited in *Johnson v. LeBonheur*. *See Johnson v. LeBonheur Children's Med. Ctr.*, 74 S.W.3d 338, 345 (Tenn. 2002)(citing *Stewart v. Craig*, 344 S.W.2d 761 (Tenn. 1961))(holding a covenant not to sue with employee barred a suit for negligence against employer based on vicarious liability).

Less clear, however, is whether the trial court correctly concluded that its July 2005 order granting the Abshures' second Rule 41.01 voluntary dismissal is properly considered a dismissal with prejudice. Rule 41.01 provides that a party has the right to take a voluntary nonsuit to dismiss an action without prejudice "except when a motion for summary judgment made by an adverse party is pending" or, in a jury trial, "any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict." In a jury trial, the trial court has no authority to grant a Rule 41.01 voluntary dismissal without prejudice where a plaintiff moves for the dismissal while the jury is deliberating. *Lacy v. Cox*, 152 S.W.3d 480, 481 (Tenn. 2002). Such a dismissal must be deemed to be with prejudice. *Id.*

Similarly, a plaintiff has no right to a Rule 41.01 voluntary dismissal without prejudice when the adverse party's summary judgment motion is pending. *Stewart v. Univ. of Tennessee*, 519 S.W.2d 591, 592 (Tenn. 1974). Notwithstanding this similarity in Rule 41.01, the decision to grant a Rule 41.01 voluntary dismissal during the pendency of the defendant's motion for summary

judgment is within the sound discretion of the trial court. *Id.* Less clear, however, is whether the trial court may grant a plaintiff's motion for dismissal under Rule 41.01 and deem it to be with prejudice where the motion was filed while the defendant's motion for summary judgment was pending.

Although the supreme court's holding in *Lacy* suggests that Rule 41.01 contemplates circumstances under which a dismissal under the Rule may be deemed to be "with prejudice," the *Lacy* court addressed a situation wherein the trial court lacked authority to grant a voluntary dismissal without prejudice under the rule. Thus it held that the "plaintiff's voluntary dismissal in [that] case shall be with prejudice." *Lacy*, 152 S.W.3d at 481. In *Garrett v. Corry Foam Products Inc.*, 596 S.W.2d 808, 809-810 (Tenn. 1980), however, the supreme court reaffirmed that Tennessee does not recognize retraxit, "an open and voluntary renunciation of [a] suit in court, by [which] [a plaintiff] forever loses his action." *Garrett*, 596 S.W.2d at 809-810 (citation omitted). The *Garrett* court observed that Tennessee Rule of Civil Procedure 41 governs both voluntary and involuntary dismissals, and that the words "with prejudice" in an order granting a voluntary dismissal were "surplusage." *Id.* at 810. The *Garrett* court held that a consent order voluntarily dismissing an action operated as a nonsuit, and that it did not constitute a *res judicata* or bar a subsequent action. *Id.* The resolution of whether a trial court may exercise its discretion to grant a Rule 41.01 motion for voluntary dismissal during the pendency of an adverse party's motion for summary judgment and deem it to be "with prejudice" will be left to another day, however, where it is unnecessary to our holding in this case.

### *Holding*

In light of the foregoing, we reverse the order of the trial court insofar as it concluded the Abshures had failed to assert a claim of vicarious liability in their complaint and we affirm the trial court's award of summary judgment to Methodist Healthcare Memphis Hospital. Costs of this appeal are taxed to the Appellants, Joann Abshure and Billy Jack Abshure, and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE