# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 19, 2012 Session

## J. M. HANNER CONSTRUCTION COMPANY, INC. v. THOMAS BROTHERS CONSTRUCTION COMPANY, INC. ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 08-C-982      W. Jeffrey Hollingsworth, Judge**

---

**No. E2011-01641-COA-R9-CV - Filed July 24, 2012**

---

The plaintiff filed suit against the defendants to recover monies alleged to be due the plaintiff on two construction projections. The first complaint was involuntarily dismissed. The defendants averred that the plaintiff's claims against them in the second complaint are barred by the doctrine of res judicata. The trial court found that the involuntary dismissal was not an adjudication on the merits. The defendants pursued this interlocutory appeal. We affirm the decision of the trial court.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR. and D. MICHAEL SWINEY, JJ., joined.

Stephen T. Greer, Dunlap, Tennessee, for the appellants, Thomas Brothers Construction Company, Inc., and American Motorist Insurance Company.

Ronald D. Wells, Chattanooga, Tennessee, for the appellee, J.M. Hanner Construction Company, Inc.

## OPINION

## I. BACKGROUND

The plaintiff, J. M. Hanner Construction Company, Inc. ("Hanner"), filed an action against Thomas Brothers Construction Company, Inc. ("TBCC") on April 16, 2008, to recover monies alleged to be due Hanner on two construction projects -- the "Signal

Mountain Road Project"[1] and the "Enterprise South Project."

TBCC subsequently moved to strike the complaint pursuant to Rule 11 of the Tennessee Rules of Civil Procedure. TBCC argued that the complaint was signed by a lay individual on behalf of a corporation, constituting the unauthorized practice of law.[2] TBCC further asserted that the signing requirements set forth in Rule 11.01, Tennessee Rules of Civil Procedure, had not been met.[3] On May 27, 2008, the trial court entered an order striking the first complaint and dismissing the action.

On July 10, 2008, Hanner filed a motion for relief and to amend the complaint pursuant to Rule 60.02 and Rule 15.01 of the Tennessee Rules of Civil Procedure, seeking to set aside the order dismissing the complaint. Six months later, Hanner's motion was denied. In the meantime, on August 11, 2008, Hanner had filed the current complaint at issue against the TBCC, American Motorist Insurance Company, and Gerald F. Nicely, Commissioner of the Tennessee Department of Transportation[4] (collectively "the defendants").

In March 2010, the defendants filed a motion for summary judgment, contending that Hanner's claim is barred by the application of the doctrine of res judicata. In their motion, the defendants asserted that the same lawsuit was filed on April 16, 2008, which action was involuntary dismissed pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure.

---

[1]TDOT Project No. 33015-3250-04, in which Hanner provided the concrete work. The total subcontract amount was $386,333.25. TBC paid Hanner approximately $252,156.54, leaving a balance of $134,176.71. The claim on the "Signal Mountain Road Project" is the only claim to which the application for interlocutory appeal was addressed.

[2]*See Old Hickory Eng'g & Mach. Co. v. Henry*, 937 S.W. 2d 782, 785 (Tenn. 1996). A corporation is an artificial entity - it cannot act or speak except through natural persons duly authorized. *Id.* Thus, a corporation cannot act pro se in a court proceeding and cannot be provided legal representation by one of its non-lawyer officers or agents. *Id.; Estate of Green v. Carthage Gen. Hosp., Inc.*, 246 S.W.3d 582, 584 (Tenn. Ct. App. 2007).

[3]Rule 11.01 provides as follows:

Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. . . . An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

[4]In May 2010, by agreed order, the Commissioner was dismissed as a defendant from the case upon the payment into the registry of the trial court the sum of $134,176.71 -- the retainage held by the Tennessee Department of Transportation for the "Signal Mountain Road Project."

The defendants argued that the cause of action in the first complaint filed in April 2008 is identical to the "Signal Mountain Road Project" claim filed on August 11, 2008, and that the earlier involuntary order of dismissal was an adjudication on the merits.

The trial court denied the defendants' motion for summary judgment, finding that the involuntary dismissal of the first complaint was not an adjudication on the merits. The trial court held that the initial complaint was struck "as an unsigned pleading under Rule 11 of the Tennessee Rules of Civil Procedure" and that Hanner's subsequent pleading "cured the procedural defect." The defendants filed a request for an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure; the request was granted by the trial court on July 25, 2011. We accepted the appeal on September 8, 2011.

## II. ISSUE

The issue presented for review is whether the trial court erred in not granting the defendants' motion for summary judgment on the basis that the involuntary order of dismissal entered in the first action between these same parties over the same claim constitutes res judicata as to the present action.

## III. STANDARD OF REVIEW

The applicable summary judgment standard in this case was set out in the cases of *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76 (Tenn. 2008), and *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1 (Tenn. 2008). In *Martin*, the Court set out the standard as follows:

> The moving party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04; accord *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000). The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). Accordingly, a properly supported motion for summary judgment must show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 88 (Tenn. 2000); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). If the moving party fails to make

this showing, then "the non-movant's burden to produce either supporting affidavits or discovery materials is not triggered and the motion for summary judgment fails." *McCarley*, 960 S.W.2d at 588; accord *Staples*, 15 S.W.3d at 88.

The moving party may make the required showing and therefore shift the burden of production to the nonmoving party by either: (1) affirmatively negating an essential element of the nonmoving party's claim; or (2) showing that the nonmoving party cannot prove an essential element of the claim at trial. *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008); *see also McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215 n. 5. Both methods require something more than an assertion that the nonmoving party has no evidence. *Byrd*, 847 S.W.2d at 215. Similarly, the presentation of evidence that raises doubts about the nonmoving party's ability to prove his or her claim is also insufficient. *McCarley*, 960 S.W.2d at 588. The moving party must either produce evidence or refer to evidence previously submitted by the nonmoving party that negates an essential element of the nonmoving party's claim or shows that the nonmoving party cannot prove an essential element of the claim at trial. *Hannan*, 270 S.W.3d at 5. We have held that to negate an essential element of the claim, the moving party must point to evidence that tends to disprove an essential factual claim made by the nonmoving party. *See Blair v. W. Town Mall*, 130 S.W.3d 761, 768 (Tenn. 2004). If the moving party is unable to make the required showing, then its motion for summary judgment will fail. *Byrd*, 847 S.W.2d at 215.

If the moving party makes a properly supported motion, then the nonmoving party is required to produce evidence of specific facts establishing that genuine issues of material fact exist. *McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215. The nonmoving party may satisfy its burden of production by:

> (1) pointing to evidence establishing material factual disputes that were over-looked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.06.

*McCarley*, 960 S.W.2d at 588; accord *Byrd*, 847 S.W.2d at 215 n. 6. The nonmoving party's evidence must be accepted as true, and any doubts

concerning the existence of a genuine issue of material fact shall be resolved in favor of the nonmoving party. *McCarley,* 960 S.W.2d at 588. "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd*, 847 S.W.2d at 215. A disputed fact presents a genuine issue if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.*

*Martin*, 271 S.W.3d at 83-84.

## IV. DISCUSSION

The defendants argue that the involuntary dismissal of the first complaint was a dismissal on the merits pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure. The pertinent portion of that rule reads as follows:

> (1) For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.
>
> (2) . . .
>
> (3) Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule 41, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.

The defendants contend that pursuant to Rule 41.02(3), as the order dismissing the first complaint did not specify otherwise and was not an order of dismissal for lack of jurisdiction, for improper venue, or for lack of an indispensable party, it is, by definition, a dismissal on the merits. The defendants additionally assert that the dismissal was also a dismissal for failure of the plaintiff to comply with the rules, and the court did not otherwise specify that the dismissal was anything but a dismissal on the merits. They argue that when Hanner's motion to alter or amend was dismissed, 30 days thereafter the judgment became final. Hanner maintains that it is clear that the dismissal of the first complaint was not a dismissal on the merits but was due to a procedural defect.

Parties asserting a res judicata defense must demonstrate that (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved

the same cause of action. *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990). Particularly relevant to the matters before us, in order for the doctrine of res judicata to apply, the prior judgment must conclude the rights of the parties on the merits. *Young v. Barrow*, 130 S.W.3d 59, 64 (Tenn. Ct. App. 2003). As noted by the Tennessee Supreme Court:

> A party who asserts the defense of res judicata, or estoppel by judgment, has the burden of proving it and must show that the right in question was determined on the merits in the former judgment. And, if the judgment itself leaves the matter uncertain then it must be proved by other evidence.

*Garrett v. Corry Foam Products, Inc.*, 596 S.W.2d 808, 809 (Tenn. 1980) (citations omitted).

In *Mitchell v. Hutchins*, M2004-01592-COA-R10-CV, 2006 WL 287372 (Tenn. Ct. App. Feb. 6, 2006), the plaintiff filed two identical suits against her former attorney. Process was never issued in one lawsuit, which was ultimately dismissed for failure to prosecute. *Id.*, at *1. Thereafter, the defendant moved to dismiss the other matter on res judicata grounds. *Id.* We addressed the res judicata issue as follows:

> The doctrine of res judicata should be invoked with care because it blocks a litigant's access to the courts. Because the doctrine is grounded on considerations of fairness and efficiency, it should not be applied rigidly when these interests would not be served. It should not be adhered to when its strict application would work an injustice.

*Id.*, at *2 (citations omitted). We further discussed whether the order dismissing the first complaint was a final judgment on the merits for res judicata purposes:

> Tennessee's courts, when asked to give preclusive effect to a prior judgment, have traditionally examined the judgment to determine whether it was, in fact, based on an adjudication of the merits of the underlying claims. The presence or absence of a designation in an order dismissing a complaint as being "with prejudice" or "without prejudice" has not necessarily been controlling. Accordingly, the courts have declined to give preclusive effect to judgments dismissing a complaint for failure to prosecute because they did not represent a decision on the merits of the claim.

*Id.*, at *3. In another case, *Boyd v. Bruce*, No. M2000-03211-COA-R3-CV, 2001 WL 1346264 (Nov. 2, 2001), we determined that "dismissal for procedural defects is not a determination on the merits so as to support a claim of res judicata." *Id.*, 2001 WL 1346264, at *5.

In the present matter, the dismissal of the first complaint was due to a procedural defect. The action was not decided on the merits, as the issues in the first complaint were never addressed. As such, we agree with the trial court that Hanner's complaint should not be dismissed on res judicata grounds. As noted by the Tennessee Supreme Court, cases should be decided on their merits whenever possible. *Bates v. Sanders*, 79 S.W.2d 41, 42 (Tenn. 1935). Dismissal is too harsh a sanction under the circumstances of this case. The res judicata doctrine should not be applied when its strict application would be unfair and would work an injustice. *See Mitchell*, 2006 WL 287372, at *2.

## V. CONCLUSION

We affirm the trial court's order denying the defendants' motion for summary judgment and remand this matter to the trial court for further proceedings. The costs of the appeal are assessed to the appellants, Thomas Brothers Construction Company, Inc. and American Motorist Insurance Company.

_____
JOHN W. McCLARTY, JUDGE