Robert Wayne STEWART, Appellant,

v.

The UNIVERSITY OF TENNESSEE,
Appellee.

Supreme Court of Tennessee.

Nov. 25, 1974.

Sidney W. Gilreath, Knoxville, for appellant; Grant & Clements, Chattanooga, of counsel.

Arnett, Draper & Hagood and Foster D. Arnett, Knoxville, for appellee.

## OPINION

HENRY, Justice.

This suit involves the right of a trial judge to grant plaintiff's motion for a voluntary dismissal during the pendency of a motion for a summary judgment.

Plaintiff brought a tort action on July 12, 1971 in the Circuit Court of Knox County. A motion for summary judgment was filed. On the date it was set for hearing plaintiff's counsel "moved the court for leave to enter a non-suit as to each defendant, without prejudice."

Pursuant to this motion an order of dismissal was entered.

The approval of all counsel is indicated by their respective signatures on the face of the order.

On December 13, 1973 plaintiff filed his second complaint based upon the same cause of action. This complaint was met with a motion for a summary judgment.

It was the theory and insistence of the defendant in this motion that plaintiff's dismissal was with prejudice; and that it constituted an adjudication of his claim with the result that all issues became res adjudicata.

The trial judge sustained defendant's motion for summary judgment and dismissed the complaint.

Plaintiff has perfected his appeal to this Court and has assigned as error, the action of the trial judge in sustaining the motion and finding in effect, that plaintiff's non-suit operated as a dismissal, with prejudice, and a final adjudication of plaintiff's claim.

The order of dismissal shows on its face that it was entered pursuant to plaintiff's motion "for leave to enter a non-suit". Facially it conforms, in all respects, to established Tennessee practice and procedure and stands as a voluntary nonsuit and a dismissal without prejudice.

The question for determination is whether, under Rule 41.01, Tenn.R.Civ.P., the trial judge may grant a nonsuit or dismissal without prejudice during the pendency of a summary judgment motion.

This is a question of first impression in Tennessee.

The decisions of the courts in the federal system do not provide any assistance in view of the dissimilarities in the State and Federal Rules.[1]

Rule 41.01(1) Tenn.R.Civ.P., provides for the free and unrestricted right of the plaintiff (at various stages of the proceedings) to take a voluntary nonsuit or to dismiss his action without prejudice except:

a.  in class actions

b.  in cases where receivers have been appointed

---

1.  e. g. Rule 41, Fed.R.Civ.P., is substantially more restrictive, providing for the right to a voluntary dismissal *only* before service of an answer or motion for summary judgment or by filing a stipulation of dismissal.

c. where precluded by a specific statute

d. in cases where a motion for summary judgment is pending

■ Clearly, under this Rule, plaintiff was barred from a voluntary dismissal, *as a matter of right*.

■ The failure of the Rule to specify other circumstances under which a dismissal, without prejudice, may be accomplished is regrettable; however, this lack of specificity does not operate to preclude other methods and procedures. In fact, Rule 41.02(3) specifically recognizes that there may be a "dismissal not provided for in this Rule 41."

■ The Federal Rule provides for a "stipulation of dismissal." While the Tennessee Rule does not specifically recognize dismissal by stipulation of counsel, it is beyond doubt that such a procedure would be effective under Tennessee practice.

■ The Federal Rule provides for voluntary dismissal by "order of court." The Tennessee Rule contains no specific authorization for such voluntary dismissal, but it is implicit in the Rule and inherent in the power of the Court that, under a proper set of circumstances, the Court has the authority to permit a voluntary dismissal, notwithstanding the pendency of a motion for summary judgment.

In the case sub judice the record reflects that the plaintiff "moved the court for leave to enter a non-suit as to each defendant, without prejudice" and that "plaintiff's action as to the defendant be, and the same is dismissed."

■ The order bears the signature of counsel for the respective parties, preceded by the notation, "approved".

Not only did counsel fail to make objection, they affirmatively assented. They are hardly in a position to read into the order any suggestion of prejudice or finality.

They had their day in court and cannot now be heard to complain.

It is true that Rule 41.02(3) provides:

Unless the Court in its order for dismissal otherwise specifies, . . . . any dismissal not provided for in this Rule 41 . . . . operates as an adjudication upon the merits.

A fair reading of the order demands the conclusion that the Court in dismissing pursuant to motion for "leave to enter a non-suit, without prejudice", in effect, specified that the dismissal was without prejudice. Any other construction would be a departure from the usual practice and would be manifestly unjust.

■ Aside from the assent of counsel to the voluntary dismissal order, the trial judge, in the exercise of his sound judicial discretion, had the authority to grant plaintiff's motion, upon a proper showing. From the record before us, we cannot say, nor is it inferred, that the trial judge abused his discretion.

Appellee contends that plaintiff's dismissal was with prejudice; and, therefore, constituted "an adjudication of plaintiff's claim resulting in all issues being *res adjudicata*."

■ Where it appears on the face of an order or decree of dismissal that it was not on the merits, suit may be reinstituted within the statutory period, and the order or decree is not res judicata. W. R. Grace & Company v. Taylor, 55 Tenn. App. 227, 398 S.W.2d 81 (1965); Sec. 28–106, T.C.A.

This Court, speaking through Mr. Special Justice Jenkins, in Hale v. State Farm Mutual Insurance Company, 225 Tenn. 620, 474 S.W.2d 905 (1972) declared:

The rule is well established that voluntary dismissal or non-suit does not deprive a plaintiff from bringing a subsequent suit and does not relieve a wrongdoer of any liability.

Appellee further insists that this action is barred by Sec. 28–304, T.C.A.

 The record shows that suit was brought within one (1) year from the entry of the order of voluntary dismissal. Therefore, it comes squarely within the savings provisions of Sec. 28–106, T.C.A. The rules of good pleading demand that in such cases the plaintiff should aver (1) the original cause of action, (2) institution of suit within the statutory period and (3) its dismissal without an adjudication on the merits. However, the failure to make such allegations is not fatal, especially where, as in this case, these events appear of record.

Reversed and remanded. The costs are taxed against the University of Tennessee.

FONES, C. J., and COOPER, BROCK, and HARBISON, JJ., concur.