# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

PAMELA A. GORDON and )
SAMMY D. GORDON, )
)
Plaintiffs/Appellants, ) Madison Circuit No. 59360-4 T.D.
)
VS. ) Appeal No. 02A01-9611-CV-00282
)
DR. DONALD WILSON, M.D., )
and THE JACKSON CLINIC )
PROFESSIONAL ASSOCIATION, )
)
Defendants/Appellees. )

FILED

June 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE CIRCUIT COURT OF MADISON COUNTY
AT JACKSON, TENNESSEE
THE HONORABLE WHIT LAFON, JUDGE

AL H. THOMAS
IRA M. THOMAS
THOMAS & THOMAS
Memphis, Tennessee
Attorneys for Appellants

MARTY R. PHILLIPS
KEVIN J. YOUNGBERG
RAINEY, KIZER, BUTLER, REVIERE & BELL, P.L.C.
Jackson, Tennessee
Attorneys for Appellees

AFFIRMED

ALAN E. HIGHERS, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

HOLLY KIRBY LILLARD, J.

Plaintiffs Pamela A. and Sammy D. Gordon appeal the trial court's judgment dismissing their medical malpractice action against Defendants/Appellees Donald Wilson, M.D., and the Jackson Clinic Professional Association. The trial court dismissed the Gordons' action based on their failure to comply with the trial court's previous discovery order. We conclude that the trial court did not abuse its discretion when it dismissed the Gordons' action and, thus, we affirm the trial court's judgment.

## I. Procedural History

In October 1994, the Gordons filed a medical malpractice complaint against the Defendants and Jackson-Madison County General Hospital District. The Hospital was dismissed from the action in April 1996 and is not a party to this appeal.

The Defendants filed their answer on November 17, 1994. On the same day they filed their answer, the Defendants served interrogatories and a request for production of documents on the Gordons. The Defendants later filed a motion for summary judgment based on the affidavit of Dr. Wilson, who averred that his treatment of Mrs. Gordon conformed to the recognized standard of acceptable professional practice in the medical community of Jackson, Madison County, Tennessee.

By March 1996, the Gordons had not answered the interrogatories or produced the documents as requested by the Defendants in November 1994. Accordingly, the Defendants filed a motion to compel in which they asked the trial court to compel the Gordons to respond to the Defendants' discovery request. The trial court granted the Defendants' motion and, on April 24, 1996, entered an order compelling the Gordons "to fully answer the interrogatories and the request for production of documents" within thirty (30) days of the court's order.

On April 24, 1996, the trial court also conducted a hearing on the Defendants' motion for summary judgment. Thereafter, the trial court entered an order deferring

2

judgment on the Defendants' summary judgment motion. Specifically, the trial court's order stated that:

> [T]he court was of the opinion that the affidavit of [the Gordons'] sole expert, Dr. David Swan, was not sufficient to create a genuine issue as to material fact with regard to whether Dr. Wilson complied with the recognized standard of acceptable professional practice in Jackson, Tennessee in his care and treatment of Mrs. Gordon. Upon [the Gordons'] counsels' representation that Dr. Swan's affidavit contained a "clerical error", the court agreed to grant [the Gordons'] counsel two weeks so that [the Gordons'] counsel may have an opportunity to cure the defect in Dr. Swan's affidavit. Therefore, [the Gordons'] counsel has until May 8, 1996 to file with the court a corrected affidavit of Dr. Swan. If [the Gordons'] counsel fails by May 8, 1996 to file an affidavit of Dr. Swan which creates a genuine issue as to a material fact regarding whether Dr. Wilson complied with the recognized standard of acceptable professional practice in Jackson, Tennessee, the court will grant the Defendants' Motion for Summary Judgment.

On May 2, 1996, the Gordons filed the amended affidavit of Dr. Swan. Dr. Swan's previous affidavit had stated that he was familiar with the recognized standard of acceptable professional medical practice in the Memphis, Tennessee, area. Dr. Swan's new affidavit indicated that the geographic area with which he was familiar was Jackson, Tennessee, rather than Memphis.

Although they timely filed Dr. Swan's amended affidavit, the Gordons failed to respond to the Defendants' interrogatories or request for production of documents as directed in the trial court's April 1996 order. On June 13, 1996, therefore, the Defendants' attorney wrote a letter to the Gordons' counsel reminding him of the need to produce the discovery materials. Specifically, the letter stated that:

> I still have not received your clients' answers to our interrogatories or your clients' response to our request for production of documents. . . . If I do not immediately receive your clients' answers to our interrogatories and request for production of documents, I will have no choice but to move the court to dismiss the action pursuant to Rule 37.02(C).
>
> I am writing this letter as a courtesy to you, but I will take action quickly if your clients do not immediately respond.

3

On June 24, 1996, still having received no response to their discovery request, the Defendants filed a motion to dismiss pursuant to rule 37.02(C) of the Tennessee Rules of Civil Procedure. The Defendants also served a notice of hearing on the Gordons' counsel which indicated that a hearing on the motion to dismiss would be held on July 19, 1996.

After conducting the scheduled hearing, the trial court entered an order granting the Defendants' motion and dismissing the Gordons' action with prejudice. In addition to reciting the foregoing procedural history, the trial court's order indicated the following bases for its dismissal:

6. The [Gordons] did not respond to the motion to dismiss until they submitted (to defense counsel) an unsigned response to the interrogatories and request for production of documents on July 18, 1996. Shortly before the hearing on the morning of July 19, 1996, the [Gordons] submitted a signed copy of their Answers to the interrogatories and their response to the request for production of documents to defense counsel. Even then, the interrogatories and requests for production of documents were not fully answered as previously ordered.

7. The [Gordons] failed to comply with the court's order, and the [Gordons] provided no explanation for their failure to comply with the court's order.

8. In this case, the court had previously ordered the [Gordons] to pay the Defendants' attorney's fees and costs attendant to the Defendants' Motion for Summary Judgment because the [Gordons] waited until shortly before the hearing to submit an opposing expert affidavit. At the hearing, the court determined that the affidavit of the [Gordons'] sole expert, Dr. David Swan, was not sufficient to create a genuine issue as to any material fact with regard to whether Dr. Wilson complied with the recognized standard of acceptable professional practice in Jackson, Tennessee in his care and treatment of Mrs. Gordon. The [Gordons'] counsel represented to the court that Dr. Swan's affidavit contained a "clerical error" and urged the court to allow the [Gordons] time to correct the affidavit. Rather than dismissing the action at that juncture, the court afforded [the Gordons'] counsel two weeks in which to file a corrected affidavit with the court.

9. Tennessee Rule of Civil Procedure 37.02(C) specifically allows the court to dismiss an action when a party has failed to comply with a court order. (T.R. vol. III, pp. 402-03).

4

We quote this portion of the trial court's order because the record on appeal fails to contain (1) a transcript of the July 19, 1996, hearing, (2) the Gordons' answers to the Defendants' interrogatories, or (3) the Gordons' response to the Defendants' request for production of documents.

## II. Law

As pertinent, rule 37 of the Tennessee Rules of Civil Procedure authorizes the following procedures and sanctions for dealing with a party's failure to make or cooperate in discovery:

> If . . . a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, . . . or an order compelling inspection in accordance with the request. . . .

T.R.C.P. 37.01(2). Moreover,

> If . . . a party; [or] an officer, director, or managing agent of a party; . . . fails to obey an order to provide or permit discovery, including an order made under Rule 37.01 or Rule 35, or if a party fails to obey an order entered under Rule 26.06, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> . . . .
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially

justified or that other circumstances make an award of expenses unjust.

T.R.C.P. 37.02. Even in the absence of an order compelling discovery, the trial court may take any of the above authorized actions if a party fails "to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories" or if a party fails "to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request." T.R.C.P. 37.04.

Rule 37 expressly authorizes the trial court to dismiss a plaintiff's action as a sanction for the plaintiff's violation of the court's discovery order. See T.R.C.P. 37.02(C) (providing that sanctions may include, inter alia, an order "dismissing the action or proceeding or any part thereof"). Accordingly, this court repeatedly has upheld dismissal of a plaintiff's action where the plaintiff has failed to comply with the trial court's order compelling discovery. Holt v. Webster, 638 S.W.2d 391 (Tenn. App. 1982); Nokes v. Hooper, 1989 WL 115186 (Tenn. App. Oct. 4, 1989); Ratliff Dev. Corp. v. Brooks, 1988 WL 116455 (Tenn. App. Nov. 2, 1988), perm. app. denied (Tenn. Mar. 27, 1989). When the trial court imposes the sanction of dismissal, the trial court's decision will not be disturbed by this court in the absence of an affirmative showing that the trial court abused its discretion. Holt, 638 S.W.2d at 394; Nokes, 1989 WL 115186, at *3; Ratliff Dev. Corp., 1988 WL 116455, at *4.

On appeal, the Gordons contend that the trial court abused its discretion in dismissing this action as a sanction for the Gordons' failure to comply with the court's order compelling discovery. The Gordons concede that no justification exists for their counsel's failure to comply with the trial court's discovery order. They argue, however, that the dismissal of this action constituted an abuse of discretion because, under rule 37, the trial court could have imposed less severe sanctions for the discovery violation and because, as a policy matter, the Gordons should not be penalized for their attorney's neglect.

This court previously has recognized that dismissal of a plaintiff's action for his violation of the trial court's orders is ordinarily inappropriate and that "lesser sanctions are

6

generally favored where the neglect and defalcations are more attributable to the attorney than to his client." Mills v. Bank of Roane County, 1991 WL 126553, at *2 (Tenn. App. July 15, 1991). This rule is not absolute, however, and we have affirmed dismissals under circumstances similar to this case, even where the plaintiff's failure to comply with the trial court's discovery order appears to be more attributable to the plaintiff's attorney than to the plaintiff. In Nokes v. Hooper, 1989 WL 115186 (Tenn. App. Oct. 4, 1989), for example, the trial court dismissed the plaintiff's action based on the plaintiff's failure to comply with the court's discovery order. On appeal, the plaintiff acknowledged that the trial court's order required him to answer the interrogatories within thirty days, that at the time of the hearing on the defendant's motion to dismiss he still had not filed the answers to interrogatories, and that he was subject to sanctions for failing to comply with the court's order. Nokes, 1989 WL 115186, at *3. The plaintiff's only stated justification for his failure to comply with the court's order was that his attorney had been "busy." Id. Nevertheless, the plaintiff argued that the sanction of dismissal was too harsh and that the trial court should have imposed some lesser sanction. Id.

In affirming the trial court's dismissal of the plaintiff's action, this court quoted extensively from Holt v. Webster, 638 S.W.2d 391 (Tenn. App. 1982). In Holt, the trial court dismissed the plaintiffs' action after the plaintiffs failed to answer the defendant's interrogatories and to comply with the trial court's subsequent order compelling discovery. Holt, 638 S.W.2d at 392-93. Although the plaintiffs ultimately answered the interrogatories, their answers were not filed within the time required by the trial court's order and their answers were incomplete. Id. at 392. In affirming the trial court's dismissal of the plaintiffs' action, this court reasoned:

> That the trial court is expressly authorized to impose the sanction of dismissal is without question. When the trial court exercises its discretion in imposing the sanction of dismissal, the exercise of its discretion will not be disturbed by this Court in the absence of an affirmative showing that the trial judge abused his discretion. Hemmer v. Tennessee Electric Power Co., 24 Tenn. App. 42, 139 S.W.2d 698 (1940). Our review of this record fails to disclose that the Trial Judge abused his discretion.

7

Dismissal is a harsh sanction. However, it is specifically authorized by the Rules, and cogent reasons exist for its imposition. The Supreme Court of the United States stated, in National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43, 96 S. Ct. 2778, 2780-81, 49 L. Ed. 2d 747 (1976), in reinstating a District Court's order of dismissal for failure to comply with discovery:

> There is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order. It is quite reasonable to conclude that a party who has been subjected to such an order will feel duly chastened, so that even though he succeeds in having the order reversed on appeal he will nonetheless comply promptly with future discovery orders of the district court.
>
> But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. If a decision of the Court of Appeals remained undisturbed in this case, it might well be that these respondents would faithfully comply with all future discovery orders entered by the District Court in this case. But other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts.

This reasoning is applicable to the courts of Tennessee. The trial courts of Tennessee must and do have the discretion to impose sanctions such as dismissal in order to penalize those who fail to comply with the Rules and, further, to deter others from flouting or disregarding discovery orders.

Plaintiffs in the instant case were given considerable opportunity to comply with the Trial Court's orders. Yet, we find nothing in the record showing any reason for their failure to respond timely and completely to the order of discovery.

Finding no abuse of discretion, we affirm the Trial Judge's order of dismissal with costs to plaintiffs.

Holt, 638 S.W.2d at 394.

As in Holt and Nokes, we find nothing in the record before us that shows any reason

for the Gordons' or their counsel's failure to comply with the trial court's order of discovery.

8

The trial court's discovery order compelled the Gordons to fully answer the Defendants' interrogatories and request for production of documents by May 24, 1996. The Defendants' attorney's June 13, 1996, letter, sent as a courtesy, reminded the Gordons' counsel of the need to respond to the Defendants' request for discovery. Still, the Gordons did not respond to the Defendants' discovery request until July 19, 1996, the day of the hearing on the Defendants' motion to dismiss, and, even then, the trial court found that the interrogatories and requests for production of documents were not fully answered as previously required by the court's order. Under these circumstances, we conclude that the trial court did not abuse its discretion when it dismissed the Gordons' action.

The Gordons also contend that the trial court erred in dismissing their action with prejudice because, at the hearing on the Defendants' motion to dismiss, the Gordons orally requested that they be allowed to take a voluntary nonsuit whereby the case could have been dismissed without prejudice. As pertinent, rule 41.01(1) of the Tennessee Rules of Civil Procedure provides that:

> Subject to the provisions of Rule 23.05 or Rule 66 or any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit or to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict.

T.R.C.P. 41.01(1).

Although no transcript of the hearing on the motion to dismiss appears in the record on appeal, the Defendants concede that, at the hearing, the Gordons orally requested a voluntary nonsuit, albeit after the trial court had ruled on the Defendants' motion to dismiss. The Defendants contend, however, that the Gordons' oral request was ineffectual because, among other reasons, the Defendants' motion for summary judgment was still pending at the time the Gordons made their request.

9

We agree. Rule 41.01(1) provides for the free and unrestricted right of the plaintiff, at various stages of the proceedings, to take a voluntary nonsuit or to dismiss his action without prejudice. Stewart v. University of Tennessee, 519 S.W.2d 591, 592 (Tenn. 1974); Bailey v. Parkridge Hosp., Inc., No. 03A01-9303-CV-00135, 1993 WL 310359, at *1 (Tenn. App. Aug. 16, 1993). Under rule 41.01(1), however, a plaintiff does not have the free and unrestricted right to take a voluntary nonsuit in cases where a motion for summary judgment is pending. Stewart, 519 S.W.2d at 592-93. When a motion for summary judgment is pending, the trial court has the authority to permit a voluntary dismissal under appropriate circumstances, but the court is not required to do so. Id. at 593; Bailey, 1993 WL 310359, at *2; accord Ford v. Turley, No. 02A01-9108-CV-00159, 1992 WL 120237, at *2 (Tenn. App. June 5, 1992).

Our review of the trial court's decision to permit or to disallow a voluntary dismissal under such circumstances is governed by an abuse of discretion standard. Stewart, 519 S.W.2d at 593; Bailey, 1993 WL 310359, at *2. Inasmuch as we already have concluded that the trial court did not abuse its discretion in imposing the sanction of dismissal for the Gordons' discovery violation, we hold that the court also did not abuse its discretion in refusing to permit the Gordons to take a voluntary nonsuit.

The Gordons insist that no motion for summary judgment was pending at the time they requested the voluntary dismissal because the motion had been disposed of by the filing of Dr. Swan's corrected affidavit on May 2, 1996. We must respectfully disagree. The trial court's order entered after the hearing on the Defendants' motion for summary judgment makes clear that, rather than granting or denying the motion, the court was deferring judgment on the motion and was giving the Gordons until May 8, 1996, to file a corrected affidavit of their expert, Dr. Swan. Although the Gordons filed an affidavit on May 2, 1996, which purported to cure the prior affidavit's defect, the record contains no subsequent order by the trial court either granting or denying the Defendants' motion for summary judgment. Thus, we conclude that the motion for summary judgment still was pending when the trial court dismissed the Gordons' action.

The judgment of the trial court is hereby affirmed.  Costs of this appeal are taxed to the Gordons, for which execution may issue if necessary.

 

_____

HIGHERS, J.

CONCUR:

_____

CRAWFORD, P.J., W.S.

_____

LILLARD, J.

11