IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 17, 2011 Session

## ESTATE OF MIGUEL ROBLES, ETC. ET AL. v. VANDERBILT UNIVERSITY MEDICAL CENTER, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 10C-821     Barbara N. Haynes, Judge**

---

**No. M2010-01771-COA-R3-CV - Filed April 19, 2011**

---

Defendants in medical malpractice action appeal the denial of their motion to set aside order entered on plaintiff's Tenn. R. Civ. P. 41.01 notice of voluntary dismissal without prejudice. Defendants contend that, because the certificate of good faith required by Tenn. Code Ann. § 29-26-122 was not filed with the complaint, dismissal should have been with prejudice. Finding that Tenn. Code Ann. § 29-26-122 does not limit plaintiff's right to voluntarily dismiss an action without prejudice under the circumstances presented, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

W. Scott Sims, Nashville, Tennessee, for the appellants, the Vanderbilt University Medical Center, Tejal Brahmbhatt, M.D., Lauren Hubbard Adcock, R.N., and Michael Fischer, R.R.T.

Donald Capparella and Candi Henry, Nashville, Tennessee, and Morgan Adams, Chattanooga, Tennessee, for the appellee, Maria Montiel.

#### OPINION

In this case we are called upon to examine the interplay between Tenn. Code Ann. § 29-26-122, which requires a plaintiff in a medical malpractice case to file a certificate of good faith with the complaint, and Tenn. R. Civ. P. 41.01, governing voluntary nonsuits. The pertinent facts are brief and not contested; we are presented with the issue of whether, under the circumstances presented, the trial court erred in permitting the plaintiff to voluntarily dismiss the action without prejudice.

On March 4, 2010, Maria Montiel, individually and as surviving spouse of Miguel Robles, filed suit against Vanderbilt University Medical Center, Tejal Brahmbhatt, M.D., Lauren Hubbard Adcock, R.N., and Michael Fischer, R.R.T. ("defendants"), alleging that the defendants failed to properly treat Mr. Robles, causing an anoxic brain injury and, eventually, his death. Plaintiff did not file the certificate of good faith required by Tenn. Code Ann. § 29-26-122 with her complaint. On March 25 defendants filed a motion to dismiss the action, premised on plaintiff's failure to file the certificate. On March 30 plaintiff filed an amended complaint accompanied by a Certificate of Good Faith and on March 31 she filed a motion seeking additional time to file the certificate and a response to the motion to dismiss.[1] Defendants duly responded to plaintiff's motion and moved to strike the amended complaint.

Before a hearing was held on the motions, plaintiff filed a Notice of Nonsuit pursuant to Tenn. R. Civ. P. 41.01 and the trial court entered an Order of Nonsuit shortly thereafter. Defendants moved pursuant to Tenn. R. Civ. P. 59 to set aside the order, contending that the action should have been dismissed with prejudice pursuant to Tenn. Code Ann. § 29-26-122. The trial court denied the motion; defendants appeal. The sole issue presented, as articulated by defendants is:

> Whether, after plaintiffs' complaint was due to be dismissed *with prejudice* based on their conceded violation of the good faith certification requirements of Tenn. Code Ann. § 29-26-122, the trial court erred in allowing plaintiffs to circumvent § 29-26-122 by taking a voluntary nonsuit in order to obtain a dismissal of this litigation *without prejudice*. (Emphasis in original).

## DISCUSSION

Appellate courts review trial court decisions involving requests for relief under Tenn. R. Civ. P. 59 applying an abuse of discretion standard; we accord great deference to the trial court's ruling. *Ali v. Fisher*, 145 S.W.3d 557, 565 (Tenn. 2004). "A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citing *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)).

---

[1] In plaintiff's Response to Defendants' Motion to Dismiss, plaintiff challenged the constitutionality of Tenn. Code Ann. § 29-26-122. Consequently, the State of Tennessee, through the Office of the Attorney General, filed a motion to intervene to defend the constitutionality of the statute. The record does not show that the motion was acted upon prior to entry of the order approving plaintiff's nonsuit.

Tenn. Code Ann. § 29-26-122 provides, in part pertinent to this appeal, as follows:

(a) In any medical malpractice action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that such failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. . . .
* * *
(c) The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice. . . . The court may, upon motion, grant an extension within which to file a certificate of good faith . . . or for other good cause shown.

Defendants contend that the trial court's action in allowing plaintiff to voluntarily dismiss the action without prejudice is contrary to the statutory mandate; their argument is premised on the contention that the complaint was "due to be dismissed with prejudice" due to the failure of plaintiff to file the certificate of good faith with the complaint.[2] We do not, however, construe Tenn. Code Ann. § 29-26-122 as imposing an exception or limitation on the right of a plaintiff to voluntarily dismiss an action without prejudice under Rule 41.01.

Tenn. R. Civ. P. 41 grants a plaintiff an absolute right to voluntarily dismiss an action, without prejudice to its refiling; the right, however, is "[s]ubject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or of any statute. . . ." Tenn. R. Civ. P. 41.01. This rule embodies the policy of Tennessee jurisprudence that the right of the plaintiff to dismiss the action without prejudice is "free and unrestricted" except in limited and well-defined circumstances. *See Lacy v. Cox*, 152 S.W. 3d 480, 484 (Tenn. 2004); *Stewart v. Univ. of Tenn.*, 519 S.W.2d 591, 592 (Tenn. 1974). Although the rule does not identify a particular statute to which it applies, consideration of Rules 23.05, 23.06 and 66 leads to the conclusion that exceptions to the right of a plaintiff to voluntarily dismiss an action without prejudice are limited, should result from a clear application of the rule or statute at issue, and should not be inconsistent with the fact that the right of voluntary dismissal without prejudice is

---

[2] Defendants also make reference to the merits of the motion for additional time to file the certificate which plaintiff filed with her amended complaint. The trial court did not address the motion or the merits in either the Order of Nonsuit or the order denying defendants' Rule 59 motion. We, likewise, do not base our resolution of this appeal on whether plaintiff showed good cause for not filing the certificate with the original complaint.

"absolute." *See* 4 NANCY FRAAS MACLEAN, TENNESSEE PRACTICE, Author's Cmt. 41:2 at 99 (4th ed. 2006).[3]

Tenn. R. Civ. P. 23.05 and 23.06 are not at issue in this appeal and apply only to actions which are brought by a plaintiff in a representative capacity, where decisions as to the continued prosecution of the case may bind or otherwise affect others not named or participating as parties to the suit. Under such circumstance, the right of the plaintiff to otherwise voluntarily dismiss the action is limited by the fact that the plaintiff also pursues the action in a representative capacity. The rules require the court to make a determination that the rights of those whose rights might be affected are not jeopardized by the voluntary dismissal and that notice of the proposed dismissal be given to unrepresented parties. Rule 66 provides that an action in which a receiver has been appointed can only be dismissed by order of the court; this is consistent with the fact that, once appointed, the receiver is an officer of the court and, with respect to the property under control, acts subject to the court's instruction. *See* 4 NANCY FRAAS MACLEAN, TENNESSEE PRACTICE, Author's Cmt. 66:1 at 775–77 (4th ed. 2006). The specified rules do not address the question of whether the voluntary dismissal is with or without prejudice.

Rule 41.01, however, expressly grants a plaintiff "the right to take a voluntary nonsuit to dismiss an action *without prejudice*. . . ." (emphasis added). The only role for the court in this regard is to determine whether a suit which has been re-filed is barred under the circumstances presented in Rule 41.01(2) or to enter the order required by Rule 41.01(3). Any other dismissal is involuntary, calls for court involvement, and operates as an adjudication on the merits. *See* Tenn. R. Civ. P. 41.02–.03.

Under Tenn. Code Ann. § 29-26-122, the dismissal of the complaint mandated by subsection (a) must be "as provided in subsection (c)"; that section provides that failure to file the certificate "make[s] the action *subject to* dismissal with prejudice." (emphasis added).[4] In both sections of the statute, the failure to file the certificate with the complaint

---

[3] Author's Comment 41:2 to Tenn. R. Civ. P. 41.01(1) in *Tennessee Practice* notes in part:

The plaintiff's absolute right to voluntarily dismiss an action is also subject to the provisions of Rules 23.05, 23.06 and 66 and any applicable statute. Thus, without approval of the court, a plaintiff may not nonsuit a class action a shareholder's derivative suit, or an action wherein a receiver has been appointed.

4 NANCY FRAAS MACLEAN, TENNESSEE PRACTICE, Author's Cmt. 41:2 at 99 (4th ed. 2006).

[4] To the extent there may be some conflict as to whether or not dismissal is mandatory based on the

(continued...)

may be excused and not result in dismissal of the action with prejudice: under (a) upon a finding that the provider has failed to provide records in accordance with the statute or upon a showing of "demonstrated extraordinary cause," and under (c) where the court is given discretion to extend the time for filing the certificate "for other good cause shown." In short, the statute allows for the late filing of a certificate; dismissal of the action with prejudice based on the fact that the certificate was not filed with the complaint is not automatic. Nothing in the statute operates to prevent a plaintiff from exercising the right to voluntarily dismiss the action without prejudice and the trial court did not abuse its discretion in overruling defendants' motion to set aside the Order of Nonsuit.

Defendants argue that plaintiff's action in taking the nonsuit was a "blatant attempt" to avoid the dismissal of the action and that allowing the nonsuit to stand "frustrates" the intent of Tenn. Code Ann. § 29-26-122 "to discourage the filing of baseless medical malpractice lawsuits" and to "impos[e] stiff penalties on both parties and attorneys who file suit without complying with the good faith certification requirements." Rule 41.01, however, grants an absolute right to the plaintiff; the reason for the plaintiff's action is not a proper scope of inquiry for the court.

In the event the plaintiff re-files the suit, it proceeds as a new action, subject only to the provision regarding payments of costs at Tenn. R. Civ. P. 41.04. The fact that plaintiff did not file the certificate with the original complaint is of no consequence; a new action must stand or fall on its own. While such a holding is contrary to the contention of the defendants that plaintiff must bear the "statutorily mandated consequences of their admitted failure to comply with § 29-26-122", we believe that such a result is not inconsistent with the intent of the Tennessee Legislature in passing the statute to reduce the number of frivolous lawsuits, weed out meritless lawsuits and facilitate early resolution of cases through settlement. *See Jenkins v. Marvel*, 683 F. Supp. 2d 626 (E.D. Tenn. 2010) (discussing the legislative intent behind Chapter 919 of the Public Acts of 2008, which imposed the requirements at Tenn. Code Ann. §§ 29-26-121 and 29-26-122). While the requirements to file and prosecute a medical malpractice suit are rigorous, nothing in the legislative history or the statute itself reveals an intent that medical malpractice cases should not proceed in accordance with the rules applicable to all actions, including Tenn. R. Civ. P. 41.

---

[4](...continued)
wording of each section, the language of subsection (a) that the dismissal is to be "as provided in (c)" resolves the conflict.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the Circuit Court.  Costs are assessed to defendants.

_____
RICHARD H. DINKINS, JUDGE