**FILED**
**Jun 18, 2024**
**12:40 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Kimberlee Thomas | ) | Docket No. 2020-01-0624 |
| | ) | |
| v. | ) | State File No. 6668-2018 |
| | ) | |
| Duracell Manufacturing Company, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard May 21, 2024 |
| Compensation Claims | ) | via Microsoft Teams |
| Audrey A. Headrick, Judge | ) | |

---

### Affirmed and Remanded

---

In this second interlocutory appeal in this matter, the employer argues the trial court erred in concluding that its petition for benefit determination, filed after the employee's original petition, did not constitute a counterclaim. After initially providing certain workers' compensation benefits, the employer denied further medical treatment, and the employee filed a petition for benefit determination in September 2020. The issues raised in that petition were resolved by agreement, and a dispute resolution statement was issued reflecting that agreement. In August 2021, the employer filed its own petition for benefit determination seeking to move the claim to resolution and noting it was "ready to mediate in hopes of resolving the claim." The employer's petition was assigned the same state file number and docket number as the employee's original petition. When the parties were unable to fully resolve the claim, a dispute certification notice was issued, and the employer, by subsequent email, asked the mediator to add as a disputed issue a claimed overpayment of benefits. Shortly after the employee's deadline to obtain expert medical proof passed, the employee filed a notice of voluntary dismissal, to which the employer objected. Because the employee's initial petition had been inadvertently omitted from the record, the trial court denied the employee's attempt to voluntarily dismiss the case, noting that the employer had filed the petition and the employee could not nonsuit the other party's petition. The employee asked the court to reconsider its decision, pointing out that she had, in fact, filed the initial petition in the case. Thereafter, the court allowed the employee to voluntarily dismiss her petition without prejudice. The employer appealed, and we vacated the trial court's order to the extent it suggested that the employer's petition had also been dismissed. We remanded the case for the trial court to address whether, in light of its order granting the employee's voluntary dismissal of her petition, the employer had properly raised a counterclaim, and if so, whether the counterclaim survived the voluntary dismissal of the employee's petition pursuant to Tennessee Rule of Civil Procedure 41.01. On

1

remand, the court determined that the employer's petition did not include a counterclaim and did not survive the employee's nonsuit. Within ninety days after the trial court entered its order of dismissal, the employee timely refiled her claim. The employer has appealed. Upon careful consideration of the record and the arguments of counsel, we affirm the trial court's order for reasons other than those stated by the trial court and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Garett P. Franklyn, Knoxville, Tennessee, for the employer-appellant, Duracell Manufacturing Company

Ronald J. Berke, Chattanooga, Tennessee, for the employee-appellee, Kimberlee Thomas

## Factual and Procedural Background

In our opinion in the first appeal of this case, we summarized the factual and procedural history of this case, in pertinent part, as follows:

Kimberlee Thomas ("Employee") was working for Duracell Manufacturing Company ("Employer") on January 20, 2018, when she reported suffering injuries to her left shoulder, neck, back, and hip while pulling a pallet jack. Employer initially provided benefits but later denied certain medical treatment. On September 14, 2020, Employee filed a petition for benefit determination ("PBD") seeking assistance in obtaining medical benefits. Thereafter, through the Bureau's mediation process, the parties reached an agreement regarding discovery and ongoing medical treatment, which the mediator documented in a "dispute resolution statement." The dispute resolution statement specifically stated, "[i]f additional issues arise in the course of this claim, either party may file an amended Petition . . . utilizing the same docket number," as well as "[s]hould there be disputed issues . . . either party may file a petition."

In August 2021, Employer filed its own PBD seeking assistance in "[f]inalizing the benefit resolution aspect of this claim." . . . The parties were unable to resolve the case through mediation, and a dispute certification notice ("DCN") was issued on November 29, 2022, identifying compensability, medical benefits, temporary disability benefits, and permanent disability benefits as disputed issues. The "other" category was also marked, with an email from Employer's counsel attached to the DCN stating, "[f]or additional defenses: Extent of permanent impairment related to left shoulder and neck, compensability (and permanency) of back and/or left hip conditions, and overpayment credit."

2

Thereafter, the trial court issued a scheduling order requiring all lay witnesses to be deposed by July 31, 2023; all proof depositions of expert witnesses to be taken by October 20, 2023; and for post-discovery mediation to occur on October 31, 2023. In addition to other deadlines, the court set the final compensation hearing for November 29, 2023. . . . On October 31, eleven days after the deadline for expert depositions passed, Employee filed a notice of voluntary dismissal. On that same date, the post discovery mediation occurred, and another DCN was filed with the court on November 8, with the categories of medical benefits, temporary disability benefits, and permanent disability benefits marked as disputed issues. Employer also submitted an email on November 1 to the mediator noting its objection to any new issues not previously raised, stating the only issue certified to the court was related to the neck, asserting that the claimant had been rated and released by her two authorized treating physicians, and again claiming an overpayment credit.

Employer filed an objection to Employee's notice of voluntary dismissal, arguing that the matter was proceeding based on Employer's PBD and, thus, Employee was not entitled to voluntarily dismiss Employer's petition. The trial court issued an order denying the voluntary dismissal based on that argument, reasoning that the PBD was the general equivalent of a complaint and the plaintiff is master of the complaint.

Employee filed a motion to reconsider and a response to Employer's objection, explaining that she filed the initial petition for benefit determination and was entitled to voluntarily dismiss her own claim. . . . The court reconsidered its prior order and noted that the initial petition for benefit determination Employee filed in September 2020 was inadvertently omitted from the trial court's record. The court then granted Employee's request for a voluntary dismissal of her "claim" without prejudice "to its refiling within the applicable period."

*Thomas v. Duracell Inc.*, No. 2020-01-0624, 2024 TN Wrk. Comp. App. Bd. LEXIS 11 (Tenn. Workers' Comp. App. Bd. Mar. 11, 2024) (internal citations and quotation marks omitted) (footnote omitted).

Employer appealed, and we affirmed in part and vacated in part the trial court's order. We affirmed the order to the extent it granted Employee a voluntary dismissal of her original petition. However, we vacated the trial court's order to the extent it suggested that the entire claim had been voluntarily dismissed, including any possible counterclaims

3

asserted by Employer.[1]  We remanded the case for the trial court to address whether, in light of its order granting Employee's voluntary dismissal of her petition, Employer's petition for benefit determination and/or other filings constituted a counterclaim, and if so, whether the counterclaim survived the voluntary dismissal of Employee's petition pursuant to Tennessee Rule of Civil Procedure 41.01.  On remand, the trial court determined that Employer's petition was not a counterclaim and did not survive Employee's nonsuit.  In doing so, the court concluded that the facts of this case were distinguishable from those in *Blake v. Plus-Mark, Inc.*, 952 S.W.2d 413 (Tenn, 1997), because Employer's petition only asserted its desire to "mediate in hopes of resolving the claim" and could not "stand on its own" as a petition for relief.  Moreover, the court noted that although the dispute certification notice "identifies disputes and asserts defenses," that document was prepared and filed by a Bureau mediator and was not signed by an attorney as required by Rule 11 of the Tennessee Rules of Civil Procedure.  Thus, the court determined that the dispute certification notice was not a "pleading" that stated a claim for relief.  As a result, the trial court determined that "[Employer's] petition is not a counterclaim, and it did not survive the nonsuit."  The court further found that Employee filed a petition within 90 days of the order granting her dismissal, effectively reinitiating her claim.  Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes the court's factual findings are correct unless the preponderance of the evidence is otherwise.  *See* Tenn. Code Ann. § 50-6-239(c)(7) (2023).  Appellate review of a trial court's decision to grant or deny a voluntary dismissal is governed by an abuse-of-discretion standard.  *Stewart v. University of Tennessee*, 519 S.W.2d 591, 593 (Tenn. 1974).  When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court.  *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009).  However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence."  *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018).  Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions.  *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013).  We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer.  Tenn. Code Ann. § 50-6-116 (2023).

---

[1] Employee filed another petition for benefit determination in December 2023 while the first appeal was pending and then filed a duplicate of the same petition for benefit determination in March 2024 after we issued our opinion in the initial appeal.

**Analysis**

On appeal, Employer raises several issues, which we restate as follows: (1) whether Employer's petition for benefit determination generally satisfies Tennessee's liberal pleading standard and qualifies as an "original complaint" that would survive Employee's nonsuit; (2) whether the trial court abused its discretion by finding that Employer's petition did not include a counterclaim, thus denying Employer its "statutory and regulatory right to have the court adjudicate a disputed issue" that is asserted as a Rule 41.01 counterclaim; (3) whether Employer's petition filed in the same action raised issues separate and apart from Employee's original petition; (4) whether Employer's subsequent filings, including its written request for the mediator to amend the dispute certification notice to include its claim of an overpayment of benefits, were sufficient to constitute a "pleading" under Tennessee's liberal pleading standard; and (5) whether the "prior suit pending doctrine" is applicable to Employee's subsequent filings. Conversely, Employee asserts the trial court did not abuse its discretion in determining that Employer's petition and the dispute certification notice did not constitute a counterclaim that survived the voluntary dismissal of the original petition. Employee also argues that the issues raised by Employer are moot since she timely filed a new petition after our remand of the case.

In its brief on appeal, Employer contends its petition is an original complaint that should survive Employee's nonsuit. In support of its position, Employer argues that because Tennessee follows a liberal notice pleading standard, a petition for benefit determination "initiates the process" for resolving disputes and "is the Bureau's general equivalent of a complaint as contemplated in the Tennessee Rules of Civil Procedure." *Vickers v. Amazon*, 2018-06-0149, 2019 TN Wrk. Comp. App. Bd. LEXIS 52 (Tenn. Workers' Comp. App. Bd. Aug. 20, 2019). Employer argues the trial court erred in concluding that its petition was not an original complaint given that the substance and function of its petition were different from the substance and function of the original petition filed by Employee. Therefore, Employer argues, its petition "satisfies Tennessee's liberal pleading requirements and rises to the level of an original pleading."

Employer also asserts the trial court abused its discretion because it concluded that Employer's petition did not qualify as a Rule 41.01 counterclaim and only contrasted "the language contained within the petition . . . without considering any subsequent filings or whether [Employer] had a statutory or regulatory right to raise a Rule 41.01 counterclaim." Employer cites applicable regulations stating that a petition for benefit determination is a "written request for the bureau to assist in the resolution of disputed issues in a claim" and that "[a]ny party may file a petition for benefit determination on a form approved by the administrator at any time after a dispute arises in a claim." Tenn. Comp. R. & Regs. 0800-02-21-.02(22). Thus, because its pleading is "substantively different from [Employee's] in terms of issues raised in dispute," Employer asserts it "qualifies as an original complaint and survives as a Rule 41.01 counterclaim." Finally, Employer argues that petitions for benefit determination, dispute certification notices, requests for hearings, and other "post-

petition documents" should be considered pleadings under Tennessee's liberal pleading standards and that the "trial court abused its discretion when it found that the dispute certification notice was not a pleading or not to be considered a constitutive part of a pleading." Employer reiterates that its petition and subsequent filings "meet[] the liberal criteria" set forth in prior case law to qualify as pleadings because they identified issues in dispute that are unique from Employee's original petition.

Conversely, in her brief on appeal, Employee argues that the trial court was correct in concluding that the dispute certification notice and Employer's other filings were not pleadings and that Employer's petition did not constitute a counterclaim because it set forth "no affirmative defenses and states no new facts or denials of any facts stated in [Employee's] petition for benefits. It merely quotes verbatim the petition of [Employee]."

As a threshold issue, we conclude that the assertions and arguments of both parties are moot in light of the current status of this case. Following entry of the trial court's order granting Employee's voluntary nonsuit on November 19, 2023, she filed a new petition for benefit determination during the pendency of the first appeal on December 20, 2023, which was within 90 days of the court's order granting her motion for voluntary dismissal pursuant to Tenn. Comp. R. and Regs. 0800-02-21-.14. Because Employee timely filed a petition to reinitiate her claim, and because that petition arose from the same underlying facts and requests the same general relief as her original petition, her re-filed petition relates back to her original petition. *See, e.g.*, *Johnson v. Floyd*, No. W2012-00207-COA-R3-CV, 2012 Tenn. App. LEXIS 448, at *6-7 (Tenn. Ct. App. June 29, 2012) (a complaint that is timely re-filed following a voluntary dismissal "will relate back to the previous filing."). Moreover, given the timely re-filing of Employee's petition, we can discern nothing that prevents Employer from raising any claims, counterclaims, or defenses it deems proper and appropriate.[2] Thus, we find the issues raised in this appeal have been rendered moot.

**Conclusion**

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.

---

[2] We reiterate our observation in our opinion from the first appeal of this case that nothing in the Workers' Compensation Law or applicable rules and regulations prohibits a party from filing an answer or counterclaim in accordance with Tennessee Rules of Civil Procedure 7, 8, and 13 if the issues raised in such pleadings are certified by the mediator on a dispute certification notice.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Kimberlee Thomas | ) | Docket No. 2020-01-0624 |
| | ) | |
| v. | ) | State File No. 6668-2018 |
| | ) | |
| Duracell Manufacturing Company, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard May 21, 2024 |
| Compensation Claims | ) | via Microsoft Teams |
| Audrey A. Headrick, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of June, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Garett P. Franklyn | | | | X | gpfranklyn@mijs.com ghfuller@mijs.com cacole@mijs.com |
| Ronald J. Berke | | | | X | ronnie@berkeattys.com margo@berkeattys.com |
| Audrey A. Headrick, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*Olivia Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov